**Larry COPELAND et al.,**
**Plaintiffs,**

v.

**Murlin A. HAWKINS et al., Defendants.**
**Civ. No. 72–159.**

United States District Court,
E. D. Illinois.
Jan. 10, 1973.

Michael P. Seng, Margaret M. Stapleton, Cairo, Ill., for plaintiffs.

Charles C. Hines, Carbondale, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, District Judge:

This action is brought pursuant to 42 U.S.C. § 1983 by minor male high school students who have been expelled or suspended from school, concededly because their hair length violated the high school's dress code. The defendants are the Board of Education of School District No. 84 in Union County, Illinois; the Superintendent of the district; and the Principal of the Shawnee Junior-Senior High School, located in Wolf Lake, Illinois. The plaintiffs seek a declaratory judgment that the Shawnee High School hair regulation is unconstitutional, a permanent injunction against its enforcement, and an order expunging from the high school's records any mention of the disciplinary actions taken against plaintiffs under the hair code. Pending this Court's disposition of the case on the merits, the parties have agreed to an order permitting plaintiff students to remain in school. The case was tried before the Court on December 14, 1972, at Benton, Illinois.

*Applicable Law*

In an earlier case involving a high school hair regulation, the United States Court of Appeals for the Seventh Circuit stated: "The right to wear one's hair at any length or in any manner is an ingredient of personal freedom protected by the United States Constitution." Breen v. Kahl, 419 F.2d 1034, 1036 (7th Cir., 1969).

This right arises from the First Amendment and the Ninth Amendment, and is made applicable to the states via the due process clause of the Fourteenth Amendment. While the Federal Circuits are divided as to the constitutionality of school hair codes, the Seventh Circuit has spoken repeatedly and forcefully on the issue. See Crews v. Cloncs, 432 F.2d 1259 (7th Cir., 1970); Arnold v. Carpenter, 459 F.2d 939 (7th Cir., 1972). This

Court is not without considerable sympathy for the opinion expressed in Stevenson v. Wheeler County Board of Education, 306 F.Supp. 97, 101 (S.D.Ga., 1969):

> Those who run public schools should be the judges of such matters, not the courts. The quicker judges get out of the business of running schools the better.

However, the issue is not one of first impression. In this Circuit the burden is now on the school board to establish substantial burden of justification for the hair code as applied to male students. The above-cited cases have examined several proffered justifications; the results have come very close to establishing a rule of law that public high school hair codes are per se unconstitutional.

*Findings of Fact*

Shawnee High School is a public high school organized under the laws of the State of Illinois. Prior to the present academic year the school had no formal hair or dress code. Sometime prior to August 23, 1972, the Board of Education directed the Principal, James B. Goggin, to formulate a student dress code. This was done, and on August 23, Mr. Goggin explained the existence of the code to the student body at an assembly. The code, as amended in October, 1972, contains the following provision:

> "Unacceptable for Boys:
>
> . . . . . .
>
> 3. Hair or sideburns worn below the ear or touching the shirt collar on the back, beards, or mustaches. Also, hair is not to exceed eyebrows."

Shortly after the commencement of classes, plaintiffs Larry Copeland, Patrick Copeland, Robert Needling and James Jenkins were suspended from Shawnee for being in violation of this rule. On September 25, 1972, a hearing was held regarding these suspensions, and the School Board subsequently expelled these plaintiffs from school for being in violation of the hair code.

Plaintiffs Wesley Schultz and Roger Clarke were also suspended, but their suspensions have been vacated by the School Board.

*Proffered Justifications*

Defendants offered several reasons for the hair code. Apparently at Shawnee the Junior and Senior High students are together for much of the school day. Several witnesses, including Dr. Altekruse, an expert on Guidance and Educational Psychology, testified that such a situation was not desirable. The fear was expressed that added pressure is placed on the impressionable Junior High students to emulate the older students. If high school students were permitted to grow long hair and beards, these younger pupils would also want to. The added pressure to "be mature" could harm the younger pupils, claimed these witnesses.

 Such undesirable educational results would seem to inhere in any physical set-up in which the Junior and Senior High Schools are commingled. The presence or absence of a hair code could only be collaterally related to this problem. The fact that a school's physical plant is less than ideal cannot justify a denial to some of a constitutionally-based right. Certainly the school authorities have ample power to deal with problems caused by junior-senior student interaction as they occur.

There was expert testimony that students with long hair are disadvantaged academically because teachers have an unconscious tendency to favor students with shorter hair. If in fact long hair makes a student less popular with his teacher, that is a result of the student's exercise of his free choice. Numerous aspects of personal behavior affect the esteem with which one is held by his teachers. There is nothing inherent about long hair which detracts from academic performance. See Breen v. Kahl, supra.

Likewise, defendants failed to establish any substantial nexus between long hair and discipline problems. There was no evidence of any actual disruptions due to hair length. Apparently some students had commented to the Principal about the the plaintiffs' hair. And there was speculation by the Principal that it might be difficult to tell boys from girls without a hair code. Such fears fall far short of meeting the substantial burden which the defendants have. See Crews v. Cloncs, supra.

The defendants also attempted to show that the hair code was necessary for reasons of health and safety. Mr. Goggin, the Principal, testified that boys take part in strenuous physical education programs. Those with long hair are unable to shower properly because their hair won't dry quickly enough, he stated. This position is inconsistent with the policy toward female students. Girls also participate in physical education, and are required to take a shower. Yet there is no hair code for girls. In any event, a similar reason was rejected as insubstantial by the Seventh Circuit in *Crews*. Mr. Young and Mr. Bittle, industrial education teachers at Shawnee, testified that their courses are attended virtually exclusively by boys. Long hair can be a safety hazard around welding torches, motors and similar machinery. These concerns do not properly constitute substantial justification for a hair regulation, see Crews v. Cloncs, supra.

Less drastic measures can be employed to further the legitimate school interest in safety. Mr. Young admitted that a hair net would satisfy safety needs while welding, although industry frowns on the use of such hair-nets. Only one unit of industrial education is required at Shawnee, and a student can complete this requirement within one year. The wholesale banning of all long hair is not justified by this occasional safety concern. Girls are not forbidden from taking these courses, yet they are permitted to wear long hair.

*Conclusion*

██ Thus the Court concludes that the defendants have failed to satisfy their substantial burden of justification

of the hair regulation. This conclusion does not mean that the school authorities have no legitimate interest in academic performance, student behavior, or student health and safety. What it does mean is that these very proper objectives can be satisfied by narrower rules which do not infringe on the constitutional right of the plaintiffs. For example, a student can change his clothes when school is over for the day, but hair length cannot be so readily altered. Thus, a school has broader discretion in regulating clothes which may be worn at school. Presumably a hair regulation could validly require that a student's hair be clean and that he wear a hair-net or head band when engaging in shop activities. If a hair regulation is truly aimed at health and safety objectives, then it should be applicable equally to boys and girls who engage in similar activities.

It is difficult to conceive of a hair-length regulation in a public high school which would be constitutional in this Circuit. A high-school student has a federal constitutional right to wear his hair as he pleases, regardless of whether any political, racial, or religious expression is intended by long hair. On the facts of the instant case, it cannot be said that the defendants have shown a substantial justification for the regulation.

The sanctions imposed on the plaintiff students are severe. It is evident that equitable relief is necessary to remedy the effects on them of the unconstitutional school regulation.

For the foregoing reasons, judgment in this cause is hereby entered for the plaintiffs.

Wherefore, it is the order of this Court that:

(1) the portion of the Shawnee Junior-Senior High School Dress Code relating to boys' hair is, as applied to high school students, declared to be unconstitutional, as violative of the Fourteenth Amendment to the United States Constitution;

(2) the defendants, their successors in office, agents, employees, and persons in active concert and participation with them are hereby permanently enjoined from disciplining plaintiffs for violation of the hair regulation;

(3) any record or mention of the suspensions, expulsions or other disciplinary action taken against plaintiffs shall be expunged from the records of the Shawnee School District, and plaintiffs shall be permitted to make up school work missed during involuntary absences relating to said disciplinary actions.