### Richmond

## PHYLLIS L. ALFORD

### V.

## CITY OF NEWPORT NEWS

November 21, 1979.

Record No. 790322.

Present: All the Justices.

*Charles Morgan, Jr.* [D.C.] (*Edward Ashworth* [D.C.]; *Frank J. Albetta, Jr.* [D.C.]; *Panos A. Yeapanis; Wood & Yeapanis,* on brief), for appellant.

*George J. Mercer, Assistant City Attorney* (*Robert V. Beale, City Attorney,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Phyllis L. Alford was convicted of "failure to comply with no smoking ordinance" in violation of the Code of the Ctiy of Newport News, c. 33, art. IV, Ordinance No. 2446-78 (May 15, 1978). Fined $10 and costs, defendant appeals her conviction on the ground the ordinance is unconstitutional.

Defendant operates a restaurant consisting of a "main dining room" capable of seating 70 diners and another room that is not used "except for banquets". The ordinance, enacted as an amendment to the "Smoke and Air Pollution Control" chapter of the City Code, provides that it is "unlawful for any person to smoke. . .in any restaurant [with a seating capacity of 50 or more], except in those areas specifically designated as public smoking areas". Smoking is also prohibited in health care facilities, schools, elevators, and certain other places frequented by the public. "Any person who owns, manages or otherwise controls any. . .place in which smoking is prohibited, is required to post. . .signs. . .which read:

NO SMOKING
City Ordinance
Prohibits the Carrying
of Lighted Tobacco
Products of Any Kind.
$25 Fine."

At oral argument, the City's attorney advised the Court that the ordinance is construed to require that this sign be posted "in the entrance way". He stated further that "the way we are attempting to enforce the ordinance [is] by allowing one table" to be designated as a non-smoking area. This accords with defendant's testimony concerning the instructions she was given by an enforcement officer. Defendant refused to comply, and a warrant was served against her. Although there was evidence of violations at another restaurant and several other places covered by the ordinance, no other citations had been issued at the time of trial.

Invoking due process and equal protection arguments, defendant challenges the facial constitutionality of the ordinance in all its parts. We consider only whether the ordinance is constitutional as construed and applied by the City in defendant's case.

■ The due process guarantee does not forbid reasonable regulation of the use of private property. "The legislature may, in the exercise of the police power, restrict personal and property rights in the interest of public health, public safety, and for the promotion of the

general welfare." *Gorieb* v. *Fox, et als.,* 145 Va. 554, 560, 134 S.E. 914, 916 (1926); *see also Mumpower* v. *Housing Authority,* 176 Va. 426, 11 S.E.2d 732 (1940). The purpose of the no smoking ordinance, manifest upon its face, is to protect the non-smoking public from what the ordinance terms "the toxic effect of smoke". Whether tobacco smoke is toxic may be arguable, but that question is one for the legislature and not the courts. And it is clearly within the police power of the legislature to abate what it finds to be injurious to the public health.

But, no matter how legitimate the legislative goal may be, the police power may not be used to regulate property interests unless the means employed are reasonably suited to the achievement of that goal. "The mere power to enact an ordinance . . . does not carry with it the right arbitrarily or capriciously to deprive a person of the legitimate use of his property." *Board of Supervisors* v. *Carper,* 200 Va. 653, 662, 107 S.E.2d 390, 396 (1959). As applied to defendant in this case, the means employed by this ordinance are not reasonably suited to the achievement of the legislative goal. The requirement to designate one of several dining tables located in the same room as a non-smoking area hardly limits the amount of smoke in the air. If smoke exhaled in such an environment is toxic, its harmful effects are ambient. Yet, the ordinance requires posting a sign which leads the non-smoking diner to expect that the place he has chosen to patronize is a wholly protected environment. By relying on the sign, he will be exposed to "the toxic effect" from which the ordinance purports to protect him. Hence, these requirements tend to defeat the very legislative purpose the ordinance is supposed to promote.

We hold that, as applied in this case, the ordinance constitutes an unconstitutional exercise of the City's police power. The judgment entered against defendant on November 29, 1978 will be reversed, and final judgment dismissing the warrant will be entered here.

*Reversed and warrant dismissed.*