KIM CRAIG, BY HOWARD CRAIG, HER GUARDIAN AD LITEM AND KEVIN RUS-
SELL, BY HIS GUARDIAN AD LITEM, PAM RUSSELL v. BUNCOMBE COUNTY
BOARD OF EDUCATION, LARRY C. McCALLUM, IN HIS CAPACITY AS PRIN-
CIPAL OF CHARLES D. OWEN HIGH SCHOOL, VERNON E. DOVER, ROBERT E.
GREENE, JAMES LEWIS, JR., WENDALL BEGLEY, MRS. GRACE BRA-
ZIL, MARSHALL ROBERTS AND CHARLES WYKLE, IN THEIR CAPACITY AS
MEMBERS OF THE BUNCOMBE COUNTY SCHOOL BOARD

No. 8528SC924

(Filed 20 May 1986)

**Schools § 1— propriety of ban on tobacco products**

> A ban on the use and possession of tobacco products in the Buncombe
> County schools was valid, since it was reasonably related to the educational
> process, and the fact that teachers were allowed to smoke while students were
> not did not violate the constitutional guarantee of equal protection.

APPEAL by plaintiffs from *Gaines, Judge.* Judgment entered
22 May 1985 in Superior Court, BUNCOMBE County. Heard in the
Court of Appeals 16 January 1986.

Plaintiffs are two students at Charles D. Owen High School
in Swannanoa, a part of the Buncombe County school system. Pri-
or to the 1984 school year, it was the policy of the Buncombe
County School Board to allow smoking and the use of other tobac-
co products on high school campuses in designated areas. On 20
September 1984, the School Board amended its policy as follows:

USE OR POSSESSION OF TOBACCO PRODUCTS
BY STUDENTS IN HIGH SCHOOL

The use or possession of tobacco products is not permit-
ted on school property by high school students. This is estab-
lished on the grounds:

1. That the use of tobacco products by students on
school property presents a health and safety hazard.

2. That the possession of tobacco products encour-
ages the carrier to indulge in their use.

3. That *disciplinary* procedures will be left with the
individual school principals.

Pursuant to this new policy, defendant Larry McCallum, principal of Owen High School, issued a memo to all teachers at Owen which was read to all students. This memo outlined the disciplinary procedures which would be observed at Owen High School for enforcement of the new policy. The punishments ranged from a three-day "in-school" suspension for a first offense of possessing tobacco products to complete expulsion, after hearing, for a fifth offense of use of tobacco products at school.

Plaintiff Kim Craig is a tenth grade student at Owen. She had acquired the parental permission necessary to smoke at school under the old school policy. She continued to smoke at school after the new policy went into effect, consistent with her stated belief that, "If the parents say you can and the school says you can't, I think the parents should have the word over the school." After being repeatedly suspended for smoking at school, she continued to flagrantly violate the policy. A hearing was held after which she was suspended from school. She appealed that suspension to the Buncombe County Board of Education, and reaffirming its no-smoking policy, the Board upheld the suspension.

Plaintiff Kevin Russell is a junior at Owen High School. He, too, has been repeatedly suspended from school for violation of the school ban on tobacco products. He did not appeal these disciplinary actions to the school board.

*C. David Gantt, P.A. for plaintiffs appellants.*

*Roberts, Cogburn, McClure and Williams by James W. Williams, Isaac N. Northup, Jr. and Glenn S. Gentry for defendants appellees.*

PARKER, Judge.

Appellants contend that the smoking ban imposed by the Buncombe County Board of Education deprives students who smoke of the "fundamental right" to an education. However, in our view, the right deprived is only the right to use or possess tobacco products on school grounds during school hours. A smoker is not denied the right to an education so long as he or she confines the smoking to outside school hours and off school grounds.

The smoking ban is not comparable to hair length regulations or dress codes in high schools which have been invalidated by the courts. *See, e.g., Breen v. Kahl*, 419 F. 2d 1034 (7th Cir. 1969); *Copeland v . Hawkins*, 352 F. Supp. 1022 (E.D. Ill. 1973). Both hair length and dress involve First Amendment issues in that both may be used as expressive conduct which enjoys First Amendment protection. *Copeland, supra.* Even with that protection, greater regulation of speech and conduct is permissible in the school environment than would otherwise be allowed. *E.g., Quarterman v. Byrd*, 453 F. 2d 54 (4th Cir. 1971). Thus, a ban on smoking at school is further distinguishable from a hair length regulation in that the latter necessarily involves control of conduct outside the school environment.

The right to smoke in public places is not a protected right, even for adults. In *Gasper v. Louisiana Stadium and Exposition District*, 577 F. 2d 897 (5th Cir. 1978), *cert. denied*, 439 U.S. 1073, 99 S.Ct. 846, 59 L.Ed. 2d 40 (1979), the Fifth Circuit did deny the right of a group of nonsmokers to enjoin smoking in the Louisiana Superdome, but the court stated:

> We assume that Superdome authorities, if they saw fit, could prohibit smoking in the facility, or the City of New Orleans, in the exercise of its police power could prohibit smoking in public stadiums or the State of Louisiana could enact a similar statute of statewide application.

577 F. 2d at 898.

In *Alford v. City of Newport News*, 270 Va. 584, 260 S.E. 2d 241 (1979), a case relied upon by appellants, the Virginia Supreme Court ruled that a municipal ordinance prohibiting smoking in restaurants, health care facilities, schools and elevators was unconstitutional as applied to the owner of a private, one-room restaurant. The court invalidated the ordinance only in its impact upon the regulation of the use of private property.

Our State Legislature has delegated to the various local boards of education in North Carolina the power to "adopt policies governing the conduct of students" and to "[establish] procedures to be followed by school officials in suspending or expelling any pupil from school." G.S. 115C-391(c). Under an earlier version of this statute, a local school board adopted a regulation

requiring students to sign a pledge that they belonged to no fraternal organization. Despite concluding that such a requirement would be unconstitutional if applied to adults, the Supreme Court held that the need to control the school environment and the school board's position *in loco parentis* justified the regulation. *Coggins v. Board of Education*, 223 N.C. 763, 28 S.E. 2d 527 (1944). Thus, the power of school authorities to regulate students' conduct while at school is much greater than the State's authority to regulate the conduct of adults. *See Breen, supra,* at 1037.

The Board of Education has legitimate concerns over students' health, cleanliness of grounds and buildings, fire hazards, the use of "smoking areas" for the smoking of illegal, non-tobacco cigarettes and the effect of smoke inhaled from the air on non-smokers. These concerns are all reasonably related to the educational process and thus provide a rational basis for the regulation. *See generally Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1924) (regulations controlling conduct at schools need only be reasonable to be constitutional).

Appellants contend that the regulation violates the guarantee of equal protection contained in the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 19 of our State Constitution in that the ban applies only to students, while teachers are allowed to smoke in the teachers' lounge. This contention is without merit. Because of their youth and educational goals, there are reasonable differences justifying application of a statute or regulation to high school students but not to adults. *See Breen, supra.* The primary justification for the smoking ban — discouraging smoking in order to prevent impressionable, susceptible adolescents from becoming addicted to tobacco products — does not apply to adults. On that basis alone, for the school board to distinguish between students and teachers is proper. In addition, by being required to confine their smoking to the teachers' lounge, the smoking teachers are not setting a bad example for the students. This is consistent with the policy's justification. The fact that individual teachers violate this requirement does not render the ban on student use of tobacco products void. *See Ware v. Estes*, 328 F. Supp. 657 (N.D. Tex. 1971) (school system policy regulating corporal punishment not rendered invalid because of violations by individual teachers).

Because we hold the ban on the use and possession of tobacco products in the Buncombe County schools to be valid, we need not address the question of whether school officials waived their immunity to suit by obtaining liability insurance pursuant to G.S. 115C-47(25). The ban on the use or possession of tobacco products by students at school is a valid exercise of the authority delegated to the various boards of education by the Legislature, and the entry of summary judgment for appellees is

Affirmed.

Judges WHICHARD and BECTON concur.