429 S.E.2d 615 (1993)
Lonnie JONES
v.
COMMONWEALTH of Virginia.
Record No. 2082-91-3.
Court of Appeals of Virginia.
May 11, 1993.
Rehearing En Banc Granted June 21, 1993.
Richard A. DeLoria, Charlottesville (James B. Feinman, Lynchburg, on brief), for appellant.
Eugene Murphy, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., Janet F. Rosser, Asst. Atty. Gen., on brief), for appellee.
Present: BAKER, BENTON and COLEMAN, JJ.
COLEMAN, Judge.
Lonnie Jones was convicted in a bench trial of possessing a firearm after having been convicted of a felony in violation of Code § 18.2-308.2. Jones contends that the evidence does not support his conviction because a BB handgun is not a "firearm" within the meaning of Code § 18.2-308.2. We hold that Code § 18.2-308.2 does not prohibit a convicted felon from possessing or transporting a BB gun. Therefore, we reverse the conviction and dismiss the charge.
On March 21, 1991, Jones and another man entered an Arby's restaurant in Lynchburg. Jones approached an employee working behind the counter, pulled out a BB handgun, and demanded all the money in the cash register. Later that morning, the police apprehended Jones while he was driving a vehicle that contained the money taken from Arby's and the BB handgun that Jones had used to commit the robbery. A grand jury indicted Jones for robbery, use of a firearm in the commission of a robbery, and possession of a firearm after having been convicted of a felony in violation of Code § 18.2-308.2. Jones was tried by a jury and convicted of robbery and the use of a firearm in the commission of robbery. No issues are raised on this appeal concerning those convictions. In a separate bench trial, the Commonwealth proved that Jones had been convicted of a robbery in 1979, and, based on Jones' possession of the BB handgun, the judge found Jones guilty of violating Code § 18.2-308.2. This appeal arises from that conviction.
Code § 18.2-308.2 provides that "[i]t shall be unlawful for any person who has been convicted of a felony ... to knowingly and intentionally possess or transport any firearm." Code § 18.2-308.2 does not define "firearm." The legislature has assigned various meanings to the term "firearm" *616 in other sections of Title 18.2.[1] Traditionally, a firearm is considered to be any weapon "from which a shot is discharged by gunpowder." Webster's Third New International Dictionary 854 (1981). However, when the meaning of a word in a statute may have a special or limited meaning, the meaning of the word must be construed in a manner that gives full effect to the legislative intent embodied in the entire statutory enactment. Virginia Real Estate Board v. Clay, 9 Va.App. 152, 157, 384 S.E.2d 622, 625 (1989); Crews v. Commonwealth, 3 Va.App. 531, 535-36, 352 S.E.2d 1, 3 (1987). Therefore, in determining the meaning of "firearm" as used in Code § 18.2-308.2, we look to the meaning of that term in other parts of Title 18.2 and to the statutory scheme of Title 18.2, particularly the purpose of Code § 18.2-308.2, to ascertain the meaning that can be reconciled with other parts of the act. See Commonwealth Natural Resources, Inc. v. Commonwealth, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978); Morris v. Morris, 4 Va.App. 539, 543-44, 359 S.E.2d 104, 107 (1987). Furthermore, because Code § 18.2-308.2 is a criminal statute, it must be construed strictly against the Commonwealth and in favor of the accused. Johnson v. Commonwealth, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971). When Code § 18.2-308.2 is so construed, the word "firearm" in a statute designed to restrict possessing or transporting a specific class of dangerous weapons cannot be read to encompass a BB handgun, but rather is intended to include "firearms" which are devices that propel a projectile by an explosion or discharge of gunpowder.
The legislature has assigned a meaning other than the traditional definition to the term "firearm" in at least one section of Title 18.2. See Code § 18.2-282. Of the thirty-three sections that deal with the unlawful use, possession or transfer of "firearms," only five provide a definition. See Code §§ 18.2-282(C), 18.2-284, 18.2-287.4, 18.2-308.2:2(G) and 18.2-433.1. Only Code § 18.2-282(C) expands the definition of "firearm" to include "any weapon in which ammunition may be used or discharged, by explosion, or pneumatic pressure." (emphasis added). In addition, however, the Supreme Court has held that the term "firearm" as used in Code § 18.2-53.1, proscribing use of a "firearm" in the commission of a felony, includes anything that the victim reasonably perceives to be a firearm, even though it may not in actuality be a weapon or be capable of firing a projectile by any means. Holloman v. Commonwealth, 221 Va. 196, 199, 269 S.E.2d 356, 358 (1980).
Thus, whether the term "firearm" when used in a statute without being defined is to be given its traditional meaning or a more expansive meaning depends upon the purpose and policy underlying the particular statute. When the statute is designed not only to deter physical harm, but also to deter a broader range of conduct that produces fear of physical harm, a more expansive definition of "firearm" is required in order to effectuate that purpose. See Holloman, 221 Va. at 198, 269 S.E.2d at 357 ("firearm" includes BB guns where statute prohibits the use of a firearm in the commission of a felony); see also Code § 18.2-282 ("firearm" expressly includes BB guns in statute proscribing the brandishing of a firearm or other weapon similar in appearance); see also Rogers v. Commonwealth, 14 Va.App. 774, 777-78, 418 S.E.2d 727, 729 (1992) (possession of a "sawed-off shotgun" includes inoperable shotgun because the purpose of the statute includes preventing the fear of harm engendered by display of such a weapon). On the other hand, when a statute is designed only to proscribe the act of possessing a firearm or the conduct of a felon in order to reduce a real threat of harm to the public, a narrower, more traditional definition of "firearm" is required. See Timmons v. Commonwealth, 15 Va.App. 196, 200-01, 421 S.E.2d 894, 897 (1992) ("firearm" under statute penalizing the possession of a firearm while in possession of cocaine does not include "`any object' that [appears to have] capability of firing a projectile, even if it lacks that capability").
*617 Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion, and it is not concerned with the use or display of a device that may have the appearance of a firearm. Therefore, we hold that the term "firearm" as used in Code § 18.2-308.2 is used in its traditional sense. The statute does not seek to protect the public from fear of harm caused by the display of weapons; rather, it is concerned with preventing a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm. "It shall be unlawful for any person who has been convicted of a felony... to ... possess or transport any firearm or to ... carry about his person, [even if] hid[den] from common observation, any weapon described in § 18.2-308 A." Code § 18.2-308.2(A). Accordingly, Code § 18.2-308.2 does not include a BB handgun, which is a device that propels a projectile by pneumatic pressure. Therefore, the evidence does not support Jones' conviction for possession of a firearm after having been convicted of a felony.
Reversed and dismissed.
BAKER, Judge, dissenting.
In order to dispose of this case, we must construe the statute under which appellant was convicted. Several important principles come into play when any court construes legislative enactments. First and foremost among these principles is that the primary objective of statutory construction is to ascertain and give effect to legislative intent. A related principle is that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction. Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983) (citations omitted).
When the legislature has spoken plainly courts may not change or amend legislative enactments under the guise of construing them. The province of construction lies wholly within the domain of ambiguity. There is no ambiguity in the language that forbids a convicted felon to carry a firearm. That which is plain needs no interpretation, Winston v. City of Richmond, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954), and the words are to be given their ordinary meaning unless it is apparent that the legislative intent is otherwise. Spindel v. Jamison, 199 Va. 954, 957, 103 S.E.2d 205, 208 (1958). Where the statutory language is clear, we will not look for ambiguities to resolve. Anderson v. Commonwealth, 182 Va. 560, 565-66, 29 S.E.2d 838, 840-41 (1944). See also Lovisi v. Commonwealth, 212 Va. 848, 850, 188 S.E.2d 206, 208, cert. denied, 407 U.S. 922, 92 S.Ct. 2469, 32 L.Ed.2d 808 (1972).
We need not search out other statutes to ascertain and give effect to the clear legislative intent shown by Code § 18.2-308.2. The American Heritage Dictionary of the English Language defines a "firearm" as "[a]ny weapon capable of firing a missile." A BB gun is a weapon, it fires by a single shot the same type of missile as a shotgun propels.
Code § 18.2-308.2 is penal in nature and must be strictly construed, see Johnson v. Commonwealth, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971); however, this does not mean that appellant is entitled to a favorable result based upon an unreasonably restrictive interpretation of Code § 18.2-308.2. See Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979); Wesley v. Commonwealth, 190 Va. 268, 275-76, 56 S.E.2d 362, 365 (1949). No matter what else may be said of statutes prohibiting the use of or carrying firearms, all such statutes are enacted and intended for the protection of society against criminals by imposing further punishment when the criminal's act is in violation of that legislative intent.
The majority acknowledges that our Supreme Court would hold that the same gun found in appellant's possession, if used or displayed during the commission of a robbery as it was here, would be cause to impose enhanced punishment on appellant. I respectfully cannot join in an opinion that finds that the legislature did not intend to *618 prohibit possession of that same weapon by a person who previously has been convicted of a felony.
Because the record does not disclose the method by which the BB missile is discharged, I will not discuss that factor. However, even if the weapon appellant had in his possession is one as described by the majority, for the reasons stated above, I would affirm the judgment of the trial court. Accordingly, I respectfully dissent from the majority opinion.

Upon a Petition for Rehearing En Banc

Before the Full Court
On May 25, 1993, came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on May 11, 1993 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on May 11, 1993 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] See Code §§ 18.2-282(C), 18.2-284, 18.2-287.4, 18.2-308.2:2(G) and 18.2-433.1.