COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz[*], Elder and Fitzpatrick
Argued at Salem, Virginia

TIMOTHY LOUIS FIELDS

v.   Record No.  0437-94-3          MEMORANDUM OPINION[**] BY
                                    JUDGE LAWRENCE L. KOONTZ, JR.
COMMONWEALTH OF VIRGINIA                  AUGUST 22, 1995

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Charles B. Flannagan, II, Judge

Joseph F. Dene (Dene & Dene, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.


Timothy Louis Fields (Fields) appeals his conviction for receiving stolen firearms pursuant to Code § 18.2-108.1. Fields contends that the term "firearm" as used in the statute requires the Commonwealth to prove that the object in question is an actual firearm and that the Commonwealth failed to adduce evidence that the objects alleged to be in his possession were, in fact, actual firearms. For the following reasons, we affirm the conviction.

Fields and two other men were employed by Rainbow Homes to set-up a mobile home for Ricky Coleman. During this time, Coleman began placing personal belongings inside the home. Coleman's wife later discovered that two of her husband's rifles, a .44 magnum and a .22 magnum, were missing. At trial, Coleman

[*]Justice Koontz prepared and the Court adopted the opinion in this case prior to his investiture as a Justice of the Supreme Court of Virginia.

[**]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

identified the two rifles from photographs.  Each of the two other workmen testified to seeing the other take rifles and give them to Fields, who took the rifles to his home.  Other witnesses testified to seeing one or both of the rifles in Fields' possession and to hearing him discuss selling or trading the rifles.  Neither rifle was presented as physical evidence nor was testimony received that either rifle had been or otherwise was an actual firearm.

Code § 18.2-108.1(2) provides that "[a]ny person who buys or receives a firearm from another person or aids in concealing a firearm, knowing that the firearm was stolen, shall be guilty of a Class 6 felony and may be proceeded against although the principal offender is not convicted."  A "firearm" has traditionally been defined as any weapon "from which a shot is discharged by gunpowder."  Webster's Third New International Dictionary 854 (1981).  This term, however, has also been assigned various meanings in other sections of Title 18.2.  In construing penal statutes, "word[s] must be construed in a manner that gives full effect to the legislative intent embodied in the entire statutory enactment."  Jones v. Commonwealth, 16 Va. App. 354, 356, 429 S.E.2d 615, 616 (1993), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).  Moreover, as Code § 18.2-108.1 is penal, it must be strictly construed against the Commonwealth. Johnson v. Commonwealth, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971); Jones, 16 Va. App. at 356, 429 S.E.2d at 616.

The purpose and policy of Code § 18.2-108.1 is to prohibit

the possession of a stolen firearm.  This statute, in effect, is designed to deter the potential physical harm that could emanate from the acquisition of a weapon by nefarious means.  When a statute is designed to deter possession of a stolen firearm in order to reduce the threat of harm to the public, then "a narrower, more traditional definition of 'firearm' is required." Jones, 16 Va. App. at 357-58, 429 S.E.2d at 616-17 (holding that Code § 18.2-308.2 which prohibits the possession of a firearm only pertains to actual firearms and not BB guns); see also Timmons v. Commonwealth, 15 Va. App. 196, 199, 421 S.E.2d 894, 896 (1992)(holding that a broad definition of a firearm in a possession of a firearm statute is improper).

In Jones, we contrasted this narrow definition with uses of the same term in other statutes designed to deter a broader range of conduct involving the use of firearms.  Jones, 16 Va. App. at 356-57, 429 S.E.2d at 616; see also Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 357 (1980)("firearm" includes BB guns because the purpose of the statute is to prevent fear of physical harm); Code § 18.2-282 ("firearm" expressly includes BB guns).  We hold that the rationale applied in Jones to the offense defined in Code § 18.2-308.2 controls here.  Accordingly, the term firearm as used in Code § 18.2-108.1 refers to actual firearms only.[1]

---

[1]We do not address here the questions of whether an actual firearm must be demonstrably functional and known to be such by the possessor at the given instance of its criminally prohibited possession under a statute applying the narrow definition of the term.  Jones and its progeny are limited to the specific

Fields further contends that, because the narrower definition of the term "firearm" applies to Code § 18.2-108.1, the Commonwealth's evidence here failed to prove that he possessed actual firearms. We disagree. Although the Commonwealth may prove that the object possessed in violation of Code § 18.2-108.1 is an actual firearm by presenting direct forensic evidence of its nature, as with any other element of a crime, the Commonwealth may also assert its proof by circumstantial evidence.

In a case based upon circumstantial evidence, the Commonwealth must exclude every reasonable hypothesis of innocence. Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), cert. denied, 496 U.S. 911 (1990). Whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every conceivable possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt. Id.; see also Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986). The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant. Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); Fordham v. Commonwealth, 13 Va. App. 235,

distinction between those objects which merely give the appearance of being firearms, but are not capable of being such, and those objects manufactured for the purpose of being firearms.

-4-

239, 409 S.E.2d 829, 831 (1991).

As applied to Code § 18.2-108.1, the Commonwealth initially satisfied its burden of proof by presenting circumstantial evidence that the objects possessed were actual firearms. The Commonwealth relied on the trier of fact's common experience to infer that the objects depicted in photographs and referred to in testimony as "rifles," "magnums," "22's," and ".44's," were actual firearms and not merely imitation representations of such. Fields contends that these objects might have been "drill team rifles" or otherwise some form of decorative or ornamental object not capable of being a "firearm." That assertion, however, does not flow from the evidence when it is viewed in the light most favorable to the Commonwealth. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "Hypotheses not flowing from the evidence must be rejected." Fordham, 13 Va. App. at 239, 409 S.E.2d at 831.

For these reasons, we affirm Fields' conviction.

Affirmed.