COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

TERRY DENOVIS McCLOUD

v.      Record No. 2343-94-1          MEMORANDUM OPINION[*] BY
                                      JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                  DECEMBER 5, 1995

           FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                     Glen A. Tyler, Judge

           A. Theresa Bliss for appellant.

           Michael T. Judge, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Terry Denovis McCloud (appellant) was convicted of

possession of a firearm after having been convicted of a felony,

in violation of Code § 18.2-308.2.  On appeal, appellant contends

that the court erred in admitting evidence that shots were fired,

a car was struck by bullets, and a passenger was injured by a

bullet.  We affirm the conviction.

                              I.

     On May 15, 1994, George Bundick, Albertina Tennell, and

Terrence Brisco went to Herman's, a night club located in

Eastville.  Appellant also was there.  At around 2:00 a.m., when

the club closed, Bundick, Tennell, and Brisco planned to leave in

Tennell's car.  When appellant appeared at the driver's window,

Bundick was in the driver's seat, Tennell was closing the front

passenger door, and Brisco was in the rear passenger seat.

Appellant was pointing a gun at the car window.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Everyone in the car ducked down in the seats. As Bundick began to drive away, three shots rang out. Two of the shots hit Tennell's car, one of them injured Brisco. A bullet lodged just inches away from Brisco's spine, causing numbness in his legs. Bundick drove him to the hospital.

Appellant initially was indicted for aggravated malicious wounding, shooting into an occupied vehicle, use of a firearm in the commission of aggravated malicious wounding, and possession of a firearm after having been convicted of a felony. On the day of trial, however, the first three counts were "nolle prossed," and appellant was tried only on the charge of possession of a firearm by a convicted felon. He was convicted, in a bench trial, of that charge.

## II.

At trial, Tennell testified first for the Commonwealth. She stated that she saw appellant standing outside the car with a gun in his hand. She stated that shots were fired, but that appellant did not fire them.[1] She testified that three shots were fired, with two of them hitting the car. She stated that "about three seconds down the road," she knew someone had been wounded in the shooting. Appellant voiced no objection to Tennell's testimony.

Brisco testified next for the Commonwealth. He testified that shots were fired and he was hit. Appellant stated, "I'm going to object," and the court overruled the

_____
[1]Tennell testified that after she had ducked down in the seat, she looked up, and "[appellant] and Ali had switched hands by then."

objection.  Brisco then testified about the extent of his injury.

Bundick testified that, as he was driving away, shots were fired and Brisco told him he had been shot.  Bundick stated that he took Brisco to the hospital.  Appellant did not object during Bundick's testimony.

Deputy Marshall then testified on behalf of the Commonwealth.  When Marshall testified that the Tennell car had been twice struck by bullets, appellant objected.  Counsel stated, "Judge, again I'm going to object as to -- the charge here is possession of a firearm, not anything to do with shooting and I don't think that those pictures or the shooting itself is relevant to this charge."  The court overruled the objection.  Later, the court clarified appellant's position.  The court asked, "Your objection is that the fact that there was a gunshot striking the car is irrelevant to this charge?"  Counsel for appellant responded, "Yes, sir."

During appellant's case, counsel asked Andrew Whaley, Garry Custis, Larry Custis, and Keva Collins if they had heard gunfire at Herman's club that night.  These witnesses responded that they had heard shots outside the club at closing time, although none had seen appellant with a gun.

### III.

Appellant claims on appeal that the court erred in admitting evidence that a gun was fired, that bullets struck the Tennell car, and that Brisco was injured, because that evidence was irrelevant and prejudicial to him.  Appellant did not object when Tennell and Bundick testified that shots were fired.  He made

only an unspecified objection, with no grounds stated, when Brisco testified that shots were fired and he was hit.  See Rule 5A:18 (objection must be stated "together with the grounds therefor at the time of the ruling . . . .").

Although appellant made a specific objection, on relevance grounds, to Deputy Marshall's testimony that shots were fired, three other witnesses had already related such evidence with either no or an inadequate objection.

Significantly, moreover, when appellant elicited testimony from four defense witnesses that they heard shots fired outside Herman's at closing time, he waived any objection he may have had to evidence that shots were fired.  "'[W]here an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and we cannot reverse for the alleged error.'"  Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992) (quoting Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970)).

Appellant did not make a timely and specific objection to admission of evidence of Brisco's injuries.  During Brisco's testimony, appellant gave no grounds whatsoever for his objection.  During Marshall's testimony, his objection was to evidence of a shooting and photographs of the damaged car. Accordingly, he is barred by Rule 5A:18 from arguing on appeal that the trial court erred in admitting evidence of Brisco's injuries because such evidence was irrelevant and prejudicial. Moreover, the record does not reflect any reason to invoke the

-4-

good cause or ends of justice exceptions to Rule 5A:18.

Finally, as to the evidence that Tennell's car was struck by bullets, appellant's objection to this evidence came only during Marshall's testimony. Tennell already had testified, without objection, to the fact that the car had been struck and thus the evidence already was before the fact finder.

Further, the evidence was relevant to the charge of possession of a firearm by a convicted felon. Tennell and Brisco testified that they saw appellant with a gun. The fact that shots were fired, striking the car, corroborated their testimony. It was relevant evidence because it established that appellant possessed a weapon, capable of firing bullets. See Jones v. Commonwealth, 16 Va. App. 354, 357, 429 S.E.2d 615, 617, aff'd, 17 Va. App. 233, 436 S.E.2d 192 (1993) (en banc) ("Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion . . . .").

Finally, the court did not abuse its discretion in determining that the probative value of the evidence outweighed its prejudicial effect. See Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). Appellant was tried by the court, sitting without a jury, and "in a bench trial, the trial judge is presumed to disregard prejudicial or inadmissible evidence[.] . . . [T]his presumption will control in the absence of clear evidence to the contrary." Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc). See Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981).

We affirm the judgment of the trial court.

<u>Affirmed.</u>