COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


TROY L. PARHAM
                                      MEMORANDUM OPINION[*] BY
v.  Record No. 2876-95-2           JUDGE JAMES W. BENTON, JR.
                                         DECEMBER 3, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                  Robert G. O'Hara, Jr., Judge

         Connie Louise Edwards for appellant.

         Michael T. Judge, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.



     The trial judge convicted Troy L. Parham, a previously

convicted felon, of possessing a firearm in violation of Code

§ 18.2-308.2.  Parham contends that the conviction was barred by

the Ex Post Facto Clause, the Due Process Clause, and Code

§ 1-16.  We disagree and affirm the conviction.

                               I.

     The undisputed evidence proved that in April 1995,

Lieutenant Raymond R. Bell of the Sussex County Sheriff's Office

received a shotgun from Frank Owen.  Owen testified that he

purchased the shotgun from Parham in November 1994.

     The evidence further proved that Parham was convicted in

1988 of three felonies -- breaking and entering with intent to

commit assault, felonious assault, and breaking and entering with

---

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

intent to commit larceny.  In 1988, when Parham was convicted of those felonies, Code § 18.2-308.2 barred individuals who had been convicted of specific enumerated felonies from possessing firearms.[1]  None of Parham's felonies were among those specified in the statute.  In 1989, Code § 18.2-308.2 was amended to prohibit any felon from possessing a firearm.[2]

_____

[1]In pertinent part, the statute read as follows in 1988:

> It shall be unlawful for any person who has been convicted of a Class 1, 2, or 3 felony, rape or robbery, or a felony involving the use of a firearm under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any pistol, revolver or other handgun.

[2]In pertinent part, the statute as amended provides as follows:

> It shall be unlawful for (i) any person who has been convicted of a felony or (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult, whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in § 18.2-308 A.  A violation of this section shall be punishable as a Class 6 felony.  Any firearm or any concealed weapon possessed, transported or carried in violation of this section shall be forfeited to the Commonwealth and disposed of as provided in § 18.2-310.

The trial judge rejected Parham's arguments that the statute in effect in 1994 could not be applied to Parham.  Finding that Parham possessed the shotgun in 1994 and that Parham was a convicted felon when he possessed the firearm, the judge convicted Parham of violating Code § 18.2-308.2 and sentenced him to one year in prison.

II.

The principle is well settled "that any statute . . . which makes more burdensome the punishment for a crime, after its commission, . . . is prohibited as ex post facto."  Beazell v. Ohio, 269 U.S. 167, 169-70 (1925).  Simply put, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts."  Collins v. Youngblood, 497 U.S. 37, 43 (1990)).

Parham contends that the statute's ban on the possession of a firearm increases the punishment for his past criminal act.  We disagree.  This Court has previously held that the purpose of Code § 18.2-308.2 is not to punish, but rather "to interdict the availability and use of firearms by persons previously convicted of felony offenses."  Mayhew v. Commonwealth, 20 Va. App. 484, 490-91, 458 S.E.2d 305, 308 (1995).  The statute was enacted to reduce a threat of harm to the public.  See Jones v. Commonwealth, 16 Va. App. 354, 357-58, 429 S.E.2d 615, 617, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).  Therefore, we hold that the statute as amended in 1989 did not

increase the punishment for Parham's earlier conviction.

Moreover, the statute is not retrospective. Parham mistakenly asserts that the statute was based only on his status as a convicted felon. The statute, by its explicit terms, is not so narrow. It proscribes a felon's act of possessing a firearm, i.e., conduct that is distinct from a felon's status.

Furthermore, the statute became effective in 1989, and Parham violated the law when he possessed the firearm in 1994. Thus, the statute was not applied as a "new punitive measure to a crime already consummated" prior to the effective date of the statute. Lindsey v. Washington, 301 U.S. 397, 401 (1937). As we ruled in Dodson v. Commonwealth, ___ Va. App. ___, ___ S.E.2d  (1996), "[n]o ex post facto violation could have occurred . . . because 'the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute under which [Parham] was convicted.'" Id. at ___, ___ S.E.2d at  ___ (citation omitted). Accordingly, we hold that Parham's conviction did not result from a retrospective application of Code § 18.2-308.2 and, therefore, could not have violated the Ex Post Facto Clause.

Parham next contends that his conviction violated the Due Process Clause. Parham argues that when he committed the felonies in 1988, he lacked notice that by committing felonies he would lose his right to possess a firearm. That argument lacks merit.

- 4 -

"Pursuant to the state police power, the legislature may 'restrict personal and property rights in the interest of public health, public safety, and for the promotion of the general welfare.'" Rainey v. City of Norfolk, 14 Va. App. 968, 973, 421 S.E.2d 210, 213 (1992) (quoting Alford v. City of Newport News, 220 Va. 584, 585-86, 260 S.E.2d 241, 242-43 (1979)). The legislature must use means that are reasonably related to the stated purpose. See Alford, 220 Va. at 586, 260 S.E.2d at 243. Because "lessons of common experience [reveal] that possession of firearms by felons presents a high risk of harm to others," Mayhew, 20 Va. App. at 491, 458 S.E.2d at 308, we hold that barring felons from possessing firearms is reasonably related to the goal of protecting the public from harm. Moreover, Parham's contention that the statute violates his Second Amendment right to bear arms is also without merit. See United States v. Johnson, 497 F.2d 548, 550 (4th Cir. 1974). Therefore, Code § 18.2-308.2 was a valid exercise of the state police power and Parham's conviction does not violate the Due Process Clause.

Parham also argues that his conviction violated Code § 1-16. That statute states as follows:

> No new law shall be construed to repeal a
> former law, as to any offense committed
> against the former law, or as to any act
> done, any penalty, forfeiture, or punishment
> incurred, or any right accrued, or claim
> arising under the former law, or in any way
> whatever to affect any such offense or act so
> committed or done, or any penalty,
> forfeiture, or punishment so incurred, or any
> right accrued, or claim arising before the
> new law takes effect; save only that the

> proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

As this Court recently stated, "'[t]he general principle that statutes should be given a prospective rather than a retrospective construction has been given statutory approval in Code § 1-16.'" Collins v. Department of Alcoholic Bev. Control, 21 Va. App. 671, 677-78, 467 S.E.2d 279, 282 (citation omitted), aff'd on reh'g en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996). Because Code § 18.2-308.2 was applied prospectively, it did not affect any right that had previously vested in Parham or any punishment imposed upon Parham as a result of his prior conviction. Thus, the evidence failed to establish a violation of Code § 1-16.

For these reasons, we affirm the conviction.

Affirmed.