COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


JONATHAN ANTONIO WILLIAMS

                                        MEMORANDUM OPINION[*] BY
v.  Record No. 2584-96-1              JUDGE JAMES W. BENTON, JR.
                                            FEBRUARY 10, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Norman Olitsky, Judge

            Dianne G. Ringer, Senior Assistant Public
            Defender, for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


        Williams was convicted in a bench trial of robbery and the
use of a firearm in the commission of robbery.  No issues are
raised on this appeal concerning those convictions.  In the same
proceeding, the trial judge found Williams, a previously
convicted felon, guilty of possessing a firearm in violation of
Code § 18.2-308.2.  This appeal arises from that conviction.
Williams argues that the evidence was insufficient to prove that
he in fact possessed a firearm.  We agree and reverse his
conviction.

                                I.

        When a defendant challenges the sufficiency of the evidence,
we examine the evidence in the light most favorable to the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). So viewed, the evidence proved that on November 22, 1995 at approximately 3:00 p.m. Zayvun Moore, a sales representative for a wholesaler, made a delivery to a convenience store located in the City of Portsmouth. As he was leaving the store and heading back to his truck, Williams approached him from behind and said, "Don't make this hard on yourself." Williams then demanded, "Give me all your money." When Moore said that he did not have any money, Williams "pulled [a] gun out" of his jacket pocket and again demanded Moore's money. Williams pointed the gun at Moore's midsection.

When asked to describe the gun, Moore testified that the gun was "dark-colored" and stated "I'm not a gun person." On cross, Moore again stated that the gun was dark colored but admitted, "I do not know anything about guns." When asked "Could you say if it was a real gun or not?" Moore responded, "No." Moore testified that he gave Williams money because he thought the gun was real.

The trial judge denied Williams' motion to strike and convicted Williams of violating Code § 18.2-308.2.

II.

Williams contends that the evidence was insufficient to support his conviction because the Commonwealth failed to prove

- 2 -

that he actually possessed a "firearm."  We agree.

Code § 18.2-308.2 provides that "it shall be unlawful for . . . any person was has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm."  As with any essential element of a criminal offense, the Commonwealth has the burden of proving beyond a reasonable doubt that the object possessed by a person charged with a violation of Code § 18.2-308.2 was actually a "firearm."  See Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979).

In Jones v. Commonwealth, 16 Va. App. 354, 429 S.E.2d 615 (1992), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993), this Court stated the following:

> Code § 18.2-308.2 does not define "firearm." The legislature has assigned various meanings to the term "firearm" in other sections of Title 18.2.  Traditionally, a firearm is considered to be any weapon "from which a shot is discharged by gunpowder." Webster's Third International Dictionary 854 (1981).  However, when the meaning of a word in a statute may have a special or limited meaning, the meaning of the word must be construed in a manner that gives full effect to the legislative intent embodied in the entire statutory enactment.  Therefore, in determining the meaning of "firearm" as used in Code § 18.2-308.2, we look to the meaning of that term in other parts of Title 18.2 and to the statutory scheme of Title 18.2, particularly the purpose of Code § 18.2-308.2, to ascertain the meaning that can be reconciled with other parts of the act.  Furthermore, because Code § 18.2-308.2 is a criminal statute, it must be construed strictly against the Commonwealth and in favor of the accused.  When Code § 18.2-308.2 is so construed, the word "firearm" in a statute designed to restrict possessing or transporting a specific class of dangerous

> weapons cannot be read to encompass a BB handgun, but rather is intended to include "firearms" which are devices that propel a projectile by an explosion or discharge of gunpowder.

16 Va. App. at 356, 429 S.E.2d at 615-16 (citations and footnote omitted).  Thus, we held in Jones that "Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion, and it is not concerned with the use or display of a device that may have the appearance of a firearm."  Id. at 357-58, 429 S.E.2d at 617.

The Commonwealth must prove "beyond a reasonable doubt" that the object was, in fact, a firearm.  Dowdy, 220 Va. at 116, 255 S.E.2d at 508.  Moore's testimony clearly proved that he was intimidated by the object that had the appearance of a gun.  However, his testimony that he could not say whether the object "was a real gun or not" leaves uncertain whether Williams possessed a toy or an actual gun.  Moore admitted that he "was not a gun person."  From Moore's testimony, the trier of fact could not infer beyond a reasonable doubt that the device was indeed a "real gun."

Therefore, we reverse Williams' conviction.

Reversed and dismissed.