COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


JASON DERICK MARTIN, S/K/A
 JASON DEREK MARTIN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0678-98-3      JUDGE RUDOLPH BUMGARDNER, III
                                       JANUARY 12, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                  David V. Williams, Judge

        Elwood Earl Sanders, Jr., Appellate Defender
        (Public Defender Commission, on briefs), for
        appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Jason Derek Martin appeals his conviction of possession of a

firearm by a felon in violation of Code § 18.2-308.2.  The

defendant contends that the evidence was insufficient to prove

that he possessed a firearm that could fire a projectile by an

explosion.  Concluding that the evidence was sufficient to prove

that fact beyond a reasonable doubt, we affirm his conviction.

     The defendant and Daryl Carter had a fight.  After Andre

Robinson broke it up, the defendant went to his trailer.  He and

his brother came back out carrying at their sides what Carter and

Robinson described as handguns.  A third witness testified that

the defendant and his brother appeared to have weapons at their

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

sides.  The defendant raised his arm just before several shots were fired.  None of the witnesses saw who fired the shots because they all ducked.

The defendant denied possessing or owning a gun.  He claimed Carter fired the shots because Carter feared the defendant and others were going to jump him.  The defendant said he entered the trailer when the shooting started and admitted leaving the scene when the police arrived.  The defendant's nephew also testified that Carter fired the shots.

The defendant was charged originally with shooting at an occupied motor vehicle and possessing a firearm after being convicted of a felony.  At the conclusion of the Commonwealth's evidence, he moved to strike the evidence.  The trial court struck the evidence of shooting into an occupied vehicle because it did not prove whether the defendant, his brother, or both fired shots.  The trial court denied the motion to strike the possession charge.  The defendant contends that was error because the Commonwealth failed to prove that the object he possessed was a functioning firearm.

Code § 18.2-308.2(A) provides that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm . . . ."  The statute is designed to proscribe possessing a real firearm that has the actual capacity to do serious harm.  Code § 18.2-308.2 "is not concerned with the use or display of a

device that may have the appearance of a firearm." Jones v. Commonwealth, 16 Va. App. 354, 357-58, 429 S.E.2d 615, 617, aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993). See Timmons v. Commonwealth, 15 Va. App. 196, 200-01, 421 S.E.2d 894, 897 (1992) (firearm need not contain a clip to violate Code § 18.2-308.4 because only a "moment's delay" is needed to make it operable).

The Commonwealth must prove that the defendant possessed a firearm with the capacity to do serious harm. See Jones, 16 Va. App. at 357-58, 429 S.E.2d at 617. Circumstantial evidence can prove that capacity. See Byers v. Commonwealth, 23 Va. App. 146, 150-51, 474 S.E.2d 852, 854 (1996). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984). See LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950).

"The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear the evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). On appeal, the question is "whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The fact finder is entitled to disbelieve

the defendant's self-serving testimony and to conclude that the defendant is lying to conceal his guilt. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). In addition, an inference of guilt may arise from a finding of flight. See Jones v. Commonwealth, 208 Va. 370, 374, 157 S.E.2d 907, 910 (1967).

Considering the circumstantial evidence as a whole and viewing it in the light most favorable to the Commonwealth, it proves that the defendant possessed an operable firearm. After a fight with Carter, the defendant retreated to his trailer and returned with his brother. Three witnesses believed the defendant possessed a firearm. Two witnesses saw him raise his arm as if to shoot, and all three ducked instinctively to protect themselves. Bullets damaged property in the line of fire. While no one saw exactly who fired the shots, either the defendant or his brother, who was standing right beside him, did.

The trial court stated it is "reasonable for the court to conclude that [defendant] had a firearm . . . he wouldn't have been walking around with one that wouldn't work . . . he would [not] have been carrying a dummy gun; and he did, in fact, have one that would function." (Emphasis in original). The trial court drew the reasonable inference that the defendant would no more bring a toy gun to this showdown than Wyatt Earp would have brought one to the O. K. Corral. See McBride v. Commonwealth, 24 Va. App. 603, 608, 484 S.E.2d 165, 168 (1997) (en banc) ("clear

- 4 -

inference to be drawn from [defendant's] threat to 'shoot,' is that he did have a gun" during robbery); Richardson v. Commonwealth, 21 Va. App. 93, 100, 462 S.E.2d 120, 124 (1995) (inference that firearm fell under Code § 18.2-308.2:2(G) permitted where no evidence presented that it had firing capacity); Blake v. Commonwealth, 15 Va. App. 706, 709, 427 S.E.2d 219, 221 (1993) (defendant's firearm possession proven by constructive possession where codefendants used it during robbery).

Reviewed by the standard applied on appeal, this evidence excludes all reasonable hypotheses of innocence and is sufficient to support the finding of guilt. Accordingly, we affirm the judgment of the trial court.

Affirmed.