BENTON, Judge,
concurring and dissenting.
I concur in Part II and the judgment reversing the grand larceny conviction. However, I dissent from Part I and would reverse the conviction for violating Code § 18.2-308.2 because, in my judgment, the evidence was insufficient to prove beyond a reasonable doubt that the object Redd placed on the counter had the actual ability to expel a projectile by the power of an explosion. See Jones v. Commonwealth, 16 Va.App. 354, 357, 429 S.E.2d 615, 617, aff'd en banc, 17 Va.App. 233, 436 S.E.2d 192 (1993).
No gun was seized from Redd or produced at trial. I agree with the majority that the store clerk’s description of the object as a gun was insufficient to prove that the object Redd possessed during the robbery had the “ability to expel a projectile by the power of an explosion.” Id. However, I disagree with the majority’s assertion that Redd’s threat to the clerk, together with the clerk’s description of the object, was sufficient to prove beyond a reasonable doubt that the object was either functional or had the “ability to expel a projectile by the power of an explosion.” “Proof by circumstantial evidence ‘is not sufficient ... if it engenders only a *261 suspicion or even a probability of guilt. Conviction cannot rest upon conjecture.’” Betancourt v. Commonwealth, 26 Va.App. 363, 373, 494 S.E.2d 873, 878 (1998) (citation omitted).
Accordingly, I would reverse the conviction for possession of a firearm, as prohibited by Code § 18.2-308.2.