Norfolk

ROBERT LEWIS ROGERS

v.

COMMONWEALTH OF VIRGINIA

No. 1002-90-1

Decided June 23, 1992

COUNSEL

Charles B. Miller, Assistant Public Defender, for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—Robert Rogers appeals his December 5, 1990, jury convictions of possessing a sawed-off shotgun in violation of Code § 18.2-300 and possessing a firearm after having been convicted of a felony. Code § 18.2-308.2. He argues that the statutory definition of "sawed-off shotgun" precludes conviction for the weapon he possessed, and that the jury instruction defining a "sawed-off shotgun" was confusing or misleading. We disagree and affirm the judgment of the trial court.

On May 31, 1990, Officer Charles Terrell was dispatched to the 300 block of Factory Street to investigate a suspicious white male in the area. At approximately 8:15 p.m., Terrell discovered Rogers sitting on the old railroad tracks, apparently drinking beer in violation of a local ordinance. Upon turning and looking toward the marked patrol car, Rogers dropped his beer can and started running east along the railroad tracks. Terrell pursued him by car and saw him throw an item from the left side of his body as he ducked through a fence hole. Terrell continued the chase on foot and eventually arrested Rogers, at which time he found three pieces of wood in Rogers' right rear hip pocket and two twelve-gauge shotgun shells in Rogers' jacket.

Near the area where the throwing motion occurred, Terrell recovered a smooth bore weapon designed to shoot twelve-gauge

shotgun shells. It was a single action weapon with a hammer pin action firing device, which could be fired by cocking the hammer and actuating the firing pin. It was originally designed to be fired as a shoulder weapon, but an extended stock would be required for such use. The wood items found in Rogers' hip pocket constituted a modified handle that would fit on this gun. The barrel length of this weapon was eleven and one eighth inches, and its bore was greater than .225 caliber in diameter. The weapon therefore fell within the statutory definition of a "sawed-off shotgun." Code § 18.2-299.[1]

At trial, Rogers argued that the weapon found did not come within the definition of a sawed-off shotgun pursuant to Code § 18.2-299 because it was inoperable for lack of a firing pin. The weapon had no firing pin when discovered, and therefore could not be fired as found. Additionally, no firing pin was recovered from appellant. However, the weapon could be made to fire by inserting a small nail or pin. No specific expertise would be required to insert such a pin.

Although interpretation of the definition of a "sawed-off shotgun" appears to present an issue of first impression in Virginia, the broad sweep of the "Sawed-off" Shotgun Act (Code §§ 18.2-299 through 307), reflects a legislative determination that sawed-off shotguns are highly dangerous and have no legitimate sporting use. Simple possession of a sawed-off shotgun by unauthorized individuals is punishable as a Class 4 felony. The only exceptions to the proscription of civilian possession of sawed-off shotguns are the defenses set forth in Code § 18.2-303.1. In order for a defendant to rely on these defenses, he must prove either that he possessed the shotgun for scientific purposes, or that the shotgun was both unusable *and* possessed as a curiosity, ornament, or keepsake. The conjunctive language of the second exception means that a weapon merely unusable as a firing weapon does not fall within the provisions of Code § 18.2-303.1.

---

[1]   The full text of Code § 18.2-299(1) reads as follows:

When used in this article: " '*Sawed-off* shotgun" applies to any weapon, loaded or unloaded, originally designed as a shoulder weapon, utilizing a self-contained cartridge from which a number of ball shot pellets or projectiles may be fired simultaneously from a smooth or rifled bore by a single function of the firing device and which has a barrel length of less than eighteen inches for smooth bore weapons and sixteen inches for rifled weapons. Weapons of less than .225 caliber shall not be included.

■ The wording of the "Sawed-off" Shotgun Act ("the Act") demonstrates that the legislature was concerned with dangers other than the actual firing of such weapons. A sawed-off shotgun, even one not immediately operable, presents a substantial danger to the community through the fear and intimidation it engenders. The Virginia Supreme Court has previously recognized that legislative concerns extend to these types of dangers.

In *Holloman v. Commonwealth*, 221 Va. 196, 269 S.E.2d 356 (1980)(per curiam), the Virginia Supreme Court held that use of a spring-operated BB pistol that appeared to be a .45 caliber semiautomatic pistol was sufficient to sustain a conviction under Code § 18.2-53.1, a statute proscribing the use or display or a firearm in the commission of various felonies. The Court reasoned that the statute was designed to prevent not only actual injury, but the fear that occurs when an object appearing to be a firearm is used in the commission of a crime. 221 Va. at 198-99, 269 S.E.2d at 358. *See also Cox v. Commonwealth*, 218 Va. 689, 690-91, 240 S.E.2d 524, 525 (1978) (pistol loaded with wooden bullets justified conviction under Code § 18.2-53.1); *Johnson v. Commonwealth*, 209 Va. 291, 293, 163 S.E.2d 570, 572 (1968) (use of starter pistol which could only fire blank ammunition held sufficient to sustain a conviction for attempted robbery allegedly committed by the "presenting of firearms and other violence").

The legislature was concerned not only with the hazards of actual shootings, but also with the substantial dangers that can arise through fear, intimidation, and potentially violent reactions to the display of an apparently lethal weapon, even one held for legitimate defensive purposes. This concern explains why a defendant must prove that his weapon was possessed either for scientific purposes or as a curiosity, ornament, or keepsake if he hopes to interpose a defense under Code § 18.2-303.1. We agree with the Commonwealth's contention on brief that "to hold that the weapon found by Officer Terrell was not a sawed-off shotgun pursuant to the Act would permit criminals to carry sawed-off shotguns in the first stage of disassembly, ready to be reassembled on a moment's notice." Alternatively, a criminal carrying a weapon like Rogers' would be allowed to rendezvous with a confederate carrying the firing pin, thereby avoiding the application of the Act.

■ We hold that the absence of a firing pin in such a weapon does not exempt it from prohibition under the Act. Therefore,

Rogers' possession of a weapon that would have become a completely operable sawed-off shotgun after a moment's delay to insert a firing pin satisfies the statutory definition of Code § 18.2-299(1).

Rogers also asserts that jury instruction number six,[2] defining a sawed-off shotgun, is confusing or misleading in that it requires the jury to speculate as to whether the phrase "originally designed" applies only to the original condition of the weapon or to the condition of the weapon on the date of the alleged violation. We disagree. The definition embodied in the instruction was taken directly from paragraph 1 of Code § 18.2-299. A separate instruction was given defining a "firearm." A reasonable juror certainly could conclude that the weapon possessed by Rogers was a sawed-off shotgun within the intent of the law.

We find Rogers' offenses to be supported by the evidence and thus affirm both convictions.

*Affirmed.*

Baker, J., and Willis, J., concurred.

---

[2] Jury Instruction No. 6 reads as follows:
A sawed-off shotgun is any weapon, loaded or unloaded, originally designed as a shoulder weapon utilizing a self-contained cartridge from which a number of ball shot pellets or projectiles may be fired simultaneously from a smooth or rifled bore by a single function of a firing device and which has a barrel length of less than eighteen (18) inches for smooth bore weapons or sixteen (16) inches for rifled weapons. A weapon of less than .225 caliber is not a sawed-off shotgun.