COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


CARL HENRY DILLARD
                                              OPINION BY
v.        Record No. 1938-97-3        JUDGE JERE M. H. WILLIS, JR.
                                            SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                       Jonathan M. Apgar, Judge

              Roger Dalton, Senior Assistant Public
              Defender (Office of the Public Defender, on
              briefs), for appellant.

              H. Elizabeth Shaffer, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


        On appeal from his conviction of possession of a sawed-off

shotgun, in violation of Code § 18.2-300(B), Carl Henry Dillard

contends that the evidence failed to prove one of the statutorily

required elements defining "sawed-off shotgun" and was, thus,

insufficient as a matter of law to support his conviction.  We

reverse and remand.

                          I.  BACKGROUND

    Code § 18.2-300(B) provides, in pertinent part:
              Possession or use of a "sawed-off"
        shotgun . . . , except as permitted by this
        article and official use by those persons
        permitted possession by § 18.2-303, is a
        Class 4 felony.


    Code § 18.2-299 defines "sawed-off shotgun" as follows:
        "'Sawed-off' shotgun" applies to any weapon,
        loaded or unloaded, originally designed as a
        shoulder weapon, utilizing a self-contained
        cartridge from which a number of ball shot

> pellets or projectiles may be fired
> simultaneously from a smooth or rifled bore
> by a single function of the firing device and
> which has a barrel length of less than
> eighteen inches for smooth bore weapons and
> sixteen inches for rifled weapons.  <u>Weapons
> of less than .225 caliber shall not be
> included.</u>

(Emphasis added).

On July 13, 1996, Roanoke City Police Sergeant K.L. Wood responded to a report of gunfire and discovered Dillard in a prone position pointing a shotgun at two police officers.  Wood secured the shotgun and arrested Dillard.

The case was tried without a jury.  At trial, the weapon was described as a "Stevens, model 67, series E, 12 gauge shotgun," originally designed as a shoulder weapon, "shoot[ing] a self-contained shotgun pellet," with a smooth bore and a barrel length of 16.5 inches.  At the conclusion of the Commonwealth's case-in-chief, Dillard moved to strike the evidence on the ground that the Commonwealth had failed to prove the shotgun was at least .225 caliber.  The trial court denied this motion, ruling that the .225 caliber requirement is an affirmative defense. During closing argument, Dillard renewed the motion.  The trial court reiterated its ruling and found Dillard guilty of possession of a sawed-off shotgun.

Dillard contends that the statutory definition of a sawed-off shotgun required the Commonwealth to prove that the weapon he possessed was at least .225 caliber and that the evidence failed as a matter of law to prove that element.  The

Commonwealth contends that the first sentence of the definition of "sawed-off shotgun" contained in Code § 18.2-299 defines the weapons covered and that the second sentence, containing the .225 caliber criterion, defines an affirmative defense. The Commonwealth further contends that even were it required to prove that the weapon was at least .225 caliber, the evidence proved that element.

We hold that the .225 caliber criterion is an element of the definition of a "sawed-off shotgun" and, as such, must be proved by the Commonwealth. However, we find that the evidence was not insufficient as a matter of law to prove this element. Because the trial court did not consider the sufficiency of the evidence to prove this element, we reverse Dillard's conviction and remand the case to the trial court.

## II. AFFIRMATIVE DEFENSE

Code §§ 18.2-299 and 18.2-300(B) do not state specifically whether the .225 caliber requirement is an element of the offense. While we construe penal statutes strictly against the Commonwealth, "a statute should be read to give reasonable effect to the words used 'and to promote the ability of the enactment to remedy the mischief at which it is directed.'" Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) (citations omitted). Thus, we consider whether the exclusion of weapons of less than .225 caliber from the statutory definition of a sawed-off shotgun constitutes a negative element of that

definition, which the Commonwealth must disprove, or an affirmative defense, which an accused may assert to defeat the prosecution's prima facie case.

In Mayhew, we identified four factors to be considered in determining whether specific limiting language is an element of an offense or an affirmative defense:

> "[1] [T]he wording of the exception and its role in relation to the other words of the statute; [2] whether in light of the situation prompting legislative action, the exception is essential to complete the general prohibition intended; [3] whether the exception makes an excuse or justification for what would otherwise be criminal conduct, i.e., sets forth an affirmative defense; and [4] whether the matter is peculiarly within the knowledge of the defendant."

Id. at 490, 458 S.E.2d at 308 (quoting Commonwealth v. Stoffan, 323 A.2d 318, 324 (Pa. Super. Ct. 1974)). Considering these factors and viewing the language and structure of the statute in relation to the "'Sawed-Off' Shotgun and 'Sawed-Off' Rifle Act" (Act) as a whole, we conclude that the .225 caliber requirement is a negative element of the definition of a sawed-off shotgun.

(1) Code § 18.2-300(B) defines the crime: possession or use of a sawed-off shotgun as defined in Code § 18.2-299. Code § 18.2-299 states, inter alia, that: "Weapons of less than .225 caliber shall not be included." (Emphasis added). The statute, as originally enacted in 1968, contained this provision. Although expressed in an unnecessarily bifurcated fashion, the definition, comprised of two adjoining sentences set apart from

- 4 -

the other defined terms, is a cohesive unit from which the fact finder must determine whether a given weapon is a sawed-off shotgun under the Act. See Rogers v. Commonwealth, 14 Va. App. 774, 776, 418 S.E.2d 727, 728 (1992) ("The barrel length of this weapon was eleven and one-eighth inches, and its bore was greater than .225 caliber in diameter. The weapon therefore fell within the statutory definition of a 'sawed-off shotgun.'").

The second sentence of Code § 18.2-299 excludes from the definition of "sawed off shotgun" weapons "of less than .225 caliber." Thus, the second sentence, setting forth the .225 caliber requirement, is a part of the statutory definition that the Commonwealth must prove.

Significantly, Code § 18.2-300(B) also sets forth the exceptions to the proscribed conduct by the phrase "except as permitted by this article and official use by those persons permitted possession by § 18.2-303." Code § 18.2-303, entitled "What article does not apply to," provides for the use of sawed-off shotguns by military and law enforcement personnel, and Code § 18.2-303.1, entitled, "What article does not prohibit," sets forth exceptions for civilian possession of a sawed-off shotgun. See Rogers, 14 Va. App. at 776, 418 S.E.2d at 728 ("The only exceptions to the proscription of civilian possession of sawed-off shotguns are the defenses set forth in Code § 18.2-303.1.").

(2) While "the broad sweep of the [Act] reflects a

legislative determination that sawed-off shotguns are highly dangerous and have no legitimate sporting use," id., the legislature concluded that weapons of less than .225 caliber do not warrant categorization as a "'sawed-off' shotgun."  In setting forth the general prohibition, the Act states in detail which weapons are prohibited, providing different proscribed lengths for smooth and rifled bore weapons.  Such precision illustrates the legislature's intention that the fact finder examine each portion of the definition to determine whether a particular weapon falls within the purview of the Act.

(3) The .225 caliber requirement does not "'make[] an excuse or justification for what would otherwise be criminal conduct.'" Mayhew, 20 Va. App. at 490, 458 S.E.2d at 308 (quoting Stoffan, 323 A.2d at 324).  No person can be convicted for conduct proscribed by the Act, i.e. possession of a sawed-off shotgun, or be expected to present an affirmative defense to such conduct, unless he first possesses a shotgun meeting the definition set forth in Code § 18.2-299.

(4) The caliber of the shotgun is not a matter "'peculiarly within the knowledge of the defendant.'"  Id. (quoting Stoffan, 323 A.2d at 324).  The caliber of the shotgun is easily determined.

Accordingly, the trial court erred in ruling that the limiting language contained in the definition constituted an affirmative defense.  In prosecutions for possession of a

sawed-off shotgun under Code § 18.2-300, the Commonwealth must prove that the subject weapon falls within the statutory definition set forth in Code § 18.2-299, including the requirement that it be not less than .225 caliber.

### III.  SUFFICIENCY OF THE EVIDENCE

### A.  JUDICIAL NOTICE

The Commonwealth contends that the trial court could have taken judicial notice that a twelve gauge shotgun, such as the one possessed by Dillard, has a caliber greater than .225 and that the court's authority to take such notice provided proof of the fact.  We disagree.

The trial court did not actually take judicial notice of the relative dimensions of twelve gauge and .225 caliber.  Rather, it ruled that the Commonwealth was not required to prove that the shotgun was at least .225 caliber.  While a trial court need not intone the words "judicial notice" in order to notice a fact, the evidence, the arguments of the parties and the statements of the trial court must demonstrate clearly that the trial court has taken judicial notice of the fact before a party may rely upon such notice on appeal.  See Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975) (per curiam); Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988). Because the trial court did not take judicial notice that the shotgun met the .225 caliber requirement, we cannot uphold the conviction on that basis.

B.  SUFFICIENCY OF THE EVIDENCE

Dillard contends that the Commonwealth failed, as a matter of law, to prove that the shotgun he possessed was at least .225 caliber.  We disagree.

The issue is whether proof that a shotgun is twelve gauge is, ipso facto, proof that it is not less than .225 caliber.  The terms "gauge" and "caliber" are expressions of standard measurements used commonly in regard to firearms and have customary and accepted meanings.[1]  These uniform terms are susceptible of ready verification by resort to standard references, such as dictionaries.  While the specifications are based on different methods of calculation and are expressed in different terms, they are, nonetheless, readily convertible.  For example, the barrel of a twelve gauge shotgun has an interior diameter of approximately .729 inches -- a measurement greater than .225 caliber.  Webster's Third New International Dictionary of the English Language Unabridged 940 (1961).

We need not stray from the record on appeal to conclude that Dillard's shotgun met the .225 caliber requirement.  Viewing "the evidence in the light most favorable to the Commonwealth,

---

[1]"Caliber" is defined as "the diameter of a bore of a gun usu[ally] expressed in modern U. S. and British usage in hundredths or thousandths of an inch and typically written as a decimal fraction."  Webster's New Collegiate Dictionary 157 (1977).  "Gauge" is defined as "the size of a shotgun expressed as the number in a pound of round lead balls of a size to just fit into the barrel."  Webster's Third New International Dictionary of the English Language Unabridged 940 (1961).

granting to it all reasonable inferences fairly deducible therefrom," <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), we find the evidence sufficient to prove that the shotgun was not less than .225 caliber. The Commonwealth proved that Dillard possessed a twelve gauge shotgun. Because a twelve gauge shotgun has a caliber greater than .225, proof that the shotgun was twelve gauge was sufficient to prove that it was greater than .225 caliber.

## IV.  CONCLUSION

By ruling that the .225 caliber criterion defined an affirmative defense, the trial court reversed the burden of proof with respect to that issue. Thus, it did not address the sufficiency of the Commonwealth's proof regarding that issue and did not find that the Commonwealth had proved that element beyond a reasonable doubt. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court for retrial on all issues, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>