COURT OF APPEALS OF VIRGINIA


Present: Judges Felton, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


JOANNE E. LUCAS
                                           OPINION BY
v.    Record No. 3093-02-2        JUDGE WALTER S. FELTON, JR.
                                           JULY 8, 2003
FEDERAL EXPRESS CORPORATION


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert L. Flax (Flax & Stout, on briefs), for
            appellant.

            Dana L. Plunkett (Semmes, Bowen & Semmes,
            P.C., on brief), for appellee.


        Joanne Lucas appeals a decision of the Workers'

Compensation Commission denying her benefits for injuries she

sustained as a result of lightning striking her delivery truck

during a package pickup.  Lucas contends that (1) the conditions

of her employment exposed her to a special risk from the forces

of nature, thus entitling her to benefits, and (2) expert

testimony was not needed to prove the risk she faced.  We affirm

the commission's decision.

                        I.  BACKGROUND

            On appeal, "[d]ecisions of the
        commission as to questions of fact, if
        supported by credible evidence, are
        conclusive and binding on this Court."
        Manassas Ice & Fuel Co. v. Farrar, 13
        Va. App. 227, 229, 409 S.E.2d 824, 826
        (1991) (citing Code § 65.1-98; McCaskey v.
        Patrick Henry Hosp., 225 Va. 413, 415, 304

S.E.2d 1, 2 (1983)).  "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Id. (citing Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986)).  We view the evidence in the light most favorable to the party prevailing below.  Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997).

Cent. Va. Training Ctr. v. Cordle, 37 Va. App. 232, 234, 556 S.E.2d 64, 65-66 (2001) (footnote omitted).

## A.   INJURIES

Joanne Lucas was employed by Federal Express Corporation as a pickup carrier.  Her employment required her to pick up packages that would be delivered the following day.  At approximately 5:30 p.m. on June 6, 2001, Lucas returned to her delivery truck following a package pickup.  She placed the package in the rear of the vehicle then returned to the driver's seat.  Lucas placed her left hand on the metal part of the steering wheel and placed the key to the truck in the ignition.[1] It was then the delivery truck was struck by lightning.[2]

Lucas testified that when the truck was struck by lightning, it felt as if she was shot in the chest.  She also experienced tingling in her left hand, then a sensation that felt like "a thousand wasps" stinging her all over her body.

---

[1] Lucas testified that the delivery truck she drove was made of metal and had an antenna, computer equipment, and a CB radio.

[2] According to Lucas, she did not expect bad weather that day.  The weather suddenly and unexpectedly changed.

- 2 -

Lucas was transported by ambulance to the hospital. After the delivery truck was struck by lightning, she complained of a stiff neck, numb/tingling fingers, and swelling of a finger to three times its normal size. Days after the incident, Lucas noticed her feet turned bright yellow, then displayed black dots. The skin on her feet subsequently peeled.

As a result of the incident, Lucas has been diagnosed with post-traumatic stress disorder consisting of, among other things, persistent anxiety and difficulty sleeping. She has been unable to resume her employment.

B.   PROCEDURAL HISTORY

Lucas filed a claim for benefits on September 26, 2001, alleging an injury by accident on June 6, 2001. A hearing was held before Deputy Commissioner Woolard, and an opinion was delivered on July 16, 2002. Deputy Commissioner Woolard found that Lucas failed to prove she sustained an injury by accident. Among other things, Deputy Commissioner Woolard noted that "an employer is not an insurer against natural disasters and acts of nature. There is no evidence that there was any heightened risk of injury that stemmed from her employment as a delivery driver."

Lucas appealed the decision to the full commission and, on review, the full commission affirmed the decision of Deputy Commissioner Woolard. The full commission found that Lucas did not sustain a compensable injury by accident because she "failed

to prove that she suffered an injury which arose from a heightened risk of her employment . . . ."  Lucas appeals the decision of the full commission.

## II.  ANALYSIS

Lucas argues that she is entitled to compensation for her injuries because the conditions of her employment exposed her to a special risk from the forces of nature.  Under the Virginia Workers' Compensation Act, an employee seeking compensation for an injury by accident must prove by a preponderance of the evidence that the injury arose "out of and in the course of the employment . . . ."  Code § 65.2-101.

> The phrases arising "out of" and arising "in
> the course of" are separate and distinct.
> We have long held that they mean different
> things and that proof of both is essential
> to recovery under the Act. . . .  The phrase
> arising "in the course of" refers to the
> time, place, and circumstances under which
> the accident occurred.  The phrase arising
> "out of" refers to the origin or cause of
> the injury.

County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  There must be a link between the injury and the employment.

"In Virginia we have adopted the 'actual risk test,' which requires only that the employment expose the workman to the particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks."  Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (citing Immer

- 4 -

& Co. v. Brosnahan, 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967)).  "The test . . . is not that other persons are exposed to similar risks, but rather that the employment exposes the workman to the particular danger . . . ."  Brosnahan, 207 Va. at 725, 152 S.E.2d at 257.  Hazards to which the general public is equally exposed are non-compensable.  See Grayson County Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002); Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829-30, 537 S.E.2d 35, 37 (2000).

Lucas sufficiently proved that she sustained an injury by accident in the course of her employment.  It is uncontroverted that the injuries she sustained were a result of a lightning strike while she was inside her Federal Express truck following a package pickup.  However, in order to receive compensation for her injuries, Lucas also has the burden of proving that the injuries she sustained arose out of her employment.  Code § 65.2-101.  In other words, she must prove that the employment activity in which she was engaged exposed her to the injurious risk to an extent to which people were not ordinarily exposed, and thus caused her injuries.

The general rule regarding natural disasters is as follows:

> If an employee is injured by some natural
> force, such as . . . [being] struck by
> lightning during a storm, . . . the event
> does not in and of itself fasten liability
> on the employer.  The theory is that death
> or any incapacity to work resulting from
> some natural force operating directly upon

the victim without the intervention of any other agency or instrumentality, arises not out of the employment but is due solely to an act of God. However, when the nature of the employment, or some condition, or environment therein, brings into existence a special or peculiar risk to the disastrous forces of nature, the injury or death of an employee may be compensated as a risk of the employment. The applicable test seems to be not whether the injury was caused by an act of God, but whether the employment collaborated in causing the injury or death.

Elmer H. Blair, Reference Guide to Workmen's Compensation § 9.02 (1974). This position recognizes the causal connection required by the actual risk test that Virginia follows.[3]

In Scott County School Board v. Carter, 156 Va. 815, 159 S.E. 115 (1931), Ava Carter was killed when a cyclone destroyed the schoolhouse in which she was teaching. In Carter, the commission expressly found as follows:

The evidence as to the accident arising out of and in the course of employment shows

---

[3] Compare the actual risk test with the increased-risk test.

In most lightning cases the increased-risk test has been applied, and the issue from that point on has become one of physics rather than of law, namely, whether the work conditions-such as height above the surrounding area, nearness to the trees or tall structures, nearness to metallic objects likely to attract lightning, or presence of wetness and other conditions facilitating transmission of lightning-enhanced the probability of injury from lightning.

Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 5.01[1] (2002) (emphasis added).

> that the schoolhouse was located on an
> eminence on a plateau, at a point where the
> wind blew more continually than at other
> points, and so located as to be exposed to,
> and more susceptible to, the hazard of
> storms.

Id. at 817, 159 S.E. at 116 (emphasis added). In deciding

Carter, the Supreme Court quoted or paraphrased these findings a

total of four times, id. at 817-18, 819, 820-21, 823-24, 159

S.E. at 116-17, 118, emphasizing that "[t]hese are declared

facts to which we must give credence" and that, "[t]hese being

the conditions which obtained at the time, we are bound to say

the employment subjected the unfortunate young woman to greater

exposure than were those persons generally in that locality."

Id. at 821, 159 S.E. at 117. Based on the commission's findings

of fact, the Court concluded the location of claimant's

employment caused her injury by exposing her to a particular

risk not generally experienced by other persons in that

vicinity.

At the hearing before Deputy Commissioner Woolard, Lucas

presented evidence of the truck's electrical and structural

characteristics. She testified that the truck had an antenna, a

computer system, and a communication radio. In addition, she

testified that the truck was essentially all metal, except for a

small strip of rubber on the floorboard. While Lucas provided

testimony of the truck's electrical and structural

characteristics, there is no competent evidence relating how

- 7 -

these characteristics caused her injury by exposing her to a particular risk of injury from lightning not otherwise experienced by any other person in the same vicinity.

Absent competent testimony that the particular electrical or structural characteristics of the truck caused her injury, the commission was unable to determine that the injuries arose from her employment.  Thus, credible evidence supported the commission's finding that Lucas failed to prove her injuries arose out of her employment.  We are bound by the commission's factual findings.  Cordle, 37 Va. App. at 234, 556 S.E.2d at 65-66.

The decision of the commission is affirmed.

Affirmed.