COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


RANDY WAYNE MARSHALL
                                                            OPINION BY
v.        Record No. 0893-03-1                  JUDGE RUDOLPH BUMGARDNER, III
                                                            DECEMBER 9, 2003
CRAFT FORKLIFT, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Stephen L. Grobel (Stephen L. Grobel, Ltd., on briefs), for appellant.

              Robert A. Rapaport (Jennifer G. Tatum; Clark, Dolph, Rapaport,
              Hardy & Hull, P.L.C., on brief), for appellees.


       Randy Wayne Marshall appeals the Workers' Compensation Commission's finding that

he did not suffer a compensable injury while driving to work in a company van.  Finding no

error, we affirm.

       The worker drove his employer's van to work on January 8, 2002, and injured his neck,

back, and left hip in a traffic accident.  The deputy commissioner concluded his injuries did not

arise out of and in the course of the employment.  The commission affirmed the deputy by a split

decision.  The commission found that the employer gratuitously provided the van, received no

benefit from doing so, did not pay for travel time, and did not expose the worker to a risk he

would not have faced in his personal vehicle.

       "Decisions of the commission as to questions of fact, if supported by credible evidence,

are conclusive and binding on this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227,

229, 409 S.E.2d 824, 826 (1991).  Craft Forklift hired the worker in September 2001 as an

equipment mechanic and issued him a van in December 2001.  The employer did not compensate

workers for time spent commuting to or from work. Workers always reported to the employer's shop to clock in before reporting to a customer's location and returned at the end of the day to clock out. Only the supervisor took a company van home because the employer did not want company vans on the road and needed only one service man on call.

The worker told the owner he had car trouble and "practically begged" to use the van to travel to and from work each day. The owner eventually agreed to permit the worker to use the van to commute. The worker's car needed either a state inspection or some repair work. The owner expected the arrangement to end when the worker fixed his car.

The worker gave conflicting explanations of his arrangement for the use of the van. He initially testified the owner insisted that he use the van to commute. Later, he testified the owner "told me I could do it," but denied ever asking for permission to drive the van to and from work.

The commission resolved the conflicts in the evidence against the worker. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). It found "the employer gratuitously allowed" the worker to use the van and "received no benefit from this arrangement." The commission also noted that the worker was not paid for time spent commuting and was exposed to no greater risk of injury in the company van than in his personal vehicle. Credible evidence supports the commission's finding that the employer was doing the worker a favor.

Generally, an employee injured while going to and from work is not covered by the Act. Lucas v. Biller, 204 Va. 309, 314, 130 S.E.2d 582, 586 (1963). However, when the employer furnishes transportation to or from work and the employee "is accidentally injured during the course of travel, the injury arises out of and in the course of his employment and is compensable under the Act." Id. The transportation exception applies if the employer provides transportation

- 2 -

as a result of an agreement between the parties; the transportation is "furnished by custom to the extent that it is incidental to and part of" the employment contract; or it results from "a continued practice in the course of the employer's business," which is mutually beneficial to the parties. Bristow v. Cross and Century Concrete Servs., 210 Va. 718, 720-21, 173 S.E.2d 815, 817 (1970).

The worker asserts the employer provided transportation as a result of an agreement. The assertion adopts a meaning of "agree" that describes a legal relationship completely opposed to that required by Bristow. In this case, the employer "agreed" in the sense of permitting, allowing, or letting the worker use the van. The worker received gratuitous permission. The first exception noted in Bristow describes a contractual agreement. Here, the employer "agreed" in the sense he gave gratuitous permission to the worker, but that did not constitute a binding relationship that formed a part of the employment contract. The worker received no entitlement that he could enforce under contract law. The employer incurred no obligation that law required him to honor. The employer could terminate the use of the van unilaterally. The relationship was not a contractual agreement; it was gratuitous permission. That permission was not an agreement to furnish transportation as defined in Bristow.

The worker contends his evidence also satisfies the other two exceptions established in Bristow. The record does not support the contentions. The employer permitted the worker to use the van to commute as a favor because the worker's vehicle needed repair. While the worker used the van for twenty days, his use was to end when his own vehicle was repaired. That usage was not a custom incidental to the employment contract. Finally, the practice of using the van to commute was a favor to the worker and of no benefit to the employer.

The facts of this case are similar to LeWhite Construction v. Dunn, 211 Va. 279, 176 S.E.2d 809 (1970). In that case, the employer provided the worker with a ride home from a

North Carolina job site although it did not routinely provide transportation to its workers. The Court held that the employer's free ride was a favor to the worker and his accidental death was not compensable.

The facts of this case are distinguishable from <u>Bristow</u>, 210 Va. at 722, 173 S.E.2d at 818, and <u>Boyd's Roofing Co. v. Lewis</u>, 1 Va. App. 93, 335 S.E.2d 281 (1985), because the arrangement did not benefit the employer. In <u>Bristow</u>, the employer agreed to provide workers transportation in vehicles it "owned, controlled, and operated." The Court held this transportation constituted an "incident to [the] employment . . . of mutual benefit" to the parties. In <u>Boyd's Roofing</u>, the worker routinely commuted to work in a company-owned truck driven by the owner's son. This Court held the "course of conduct" benefited both parties and constituted a transportation exception to the going and coming rule. 1 Va. App. at 95, 335 S.E.2d at 282-83.

Credible evidence supports the commission's findings. Accordingly, we affirm its decision.

<u>Affirmed.</u>