COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


TELEFLEX AUTOMOTIVE MANUFACTURING CORP.
 AND TRAVERLERS INDEMNITY
 COMPANY OF AMERICA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1856-03-3                      JUDGE D. ARTHUR KELSEY
                                                         APRIL 13, 2004
MILDRED HONAKER


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          James R. Hodges (Bundy McElroy Hodges, on briefs), for
          appellants.

          Paul L. Phipps (D. Allison Mullins; Lee & Phipps, P.C., on brief),
          for appellee.


        On appeal, Teleflex Automotive Manufacturing Corp. claims the Virginia Workers'

Compensation Commission erred by concluding that Mildred Honaker's knee injury arose out of

her employment.  Because the commission's decision involves a question of fact and has the

support of credible evidence, we will not disturb it.

                                          I.

        We view the evidence in the light "most favorable" to the prevailing party before the

commission.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003)

(quoting Tomes v. James City (County Of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315

(2002)).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Honaker injured her knee while at work as an assembler. At that time, she was operating a workstation where she assisted in assembling "parts to a cable" which were then assembled at a press. While standing on a two-inch thick rubber pad in front of the press, Honaker "turned to her right" and felt her knee "pop." She experienced an immediate onset of pain. "My leg turned," Honaker explained, "but my feet didn't turn with me." At the time of the injury, Honaker was wearing "tennis shoes," her normal footwear. She held in her hands a few small objects of negligible weight. Honaker promptly informed her supervisor, Patsy Monk, about her injury. Monk prepared an accident report detailing Honaker's accident. "Operator turned to her right," Monk's written account of the accident read, "then felt Right knee pop and then it started to hurt."

Honaker later received medical treatment for the injury, including arthroscopic surgery to repair a torn medial meniscus. Seeking lifetime medical benefits and temporary total compensation, she filed a claim with the commission. The deputy commissioner found Honaker "completely credible," but concluded that "no aspect" of the employment caused her injury. On review, the full commission reversed. Honaker injured her knee, the commission found, because her "feet did not turn as she turned the rest of her body." From this fact, the commission drew the inference that Honaker's feet "did not move with her upper body because she was standing on a rubber mat at the time of her turn." Supporting this inference, the commission concluded, was the fact that Monk, Teleflex's representative, acknowledged that the two-inch rubber pad had been placed in front of Honaker's workstation to create "friction."

II.

We begin our analysis with the governing standard of review. On appeal, we defer to the commission in its role as factfinder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511-12 (2002). "Decisions of the commission as to questions of fact, if supported by

credible evidence, are conclusive and binding on this Court." Marshall v. Craft Forklift, Inc., 41 Va. App. 777, 779, 589 S.E.2d 456, 457 (2003) (citation omitted). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983); see also Hall v. Winn Dixie Stores, Inc., 41 Va. App. 835, 843, 589 S.E.2d 484, 488 (2003). Our deference to the commission's factfinding applies "even though there is evidence in the record to support a contrary finding," S.P. Terry Co. v. Rubinos, 38 Va. App. 624, 632, 567 S.E.2d 584, 588 (2002) (citations omitted), because the commission "is free to adopt that view 'which is most consistent with reason and justice,'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).

To be compensable, an injury must be "by accident *arising out of* and in the course of the employment . . . ." Code § 65.2-101 (emphasis added).[1] The arising-out-of phrase "refers to the origin or cause of the injury." Lucas v. Fed. Express Corp., 41 Va. App. 130, 134, 583 S.E.2d 56, 58 (2003). "An injury arises out of one's employment if there is a causal connection between the injury and the 'conditions under which the work is required to be performed.'" Dan River, Inc. v. Giggetts, 34 Va. App. 297, 304, 541 S.E.2d 294, 297 (2001) (quoting Metcalf v. A.M. Express Moving Sys., Inc., 230 Va. 464, 468, 339 S.E.2d 177, 180 (1986)). The condition "'must be peculiar to the work, incidental to the character of the business, and not independent of

---

[1] The expression "'in the course of,'" we have explained, "refers to the time, place, and circumstances under which the accident occurred." Lucas v. Fed. Express Corp., 41 Va. App. 130, 133-34, 583 S.E.2d 56, 58 (2003) (quoting County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989)). Teleflex does not contest this issue on appeal.

- 3 -

the master-servant relationship.'" Id. (quoting County of Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989)).[2]

In this case, we agree with Teleflex that the mere act of turning, by itself, involves no workplace risk justifying compensation. See Johnson, 237 Va. at 186, 376 S.E.2d at 76 (no coverage where employee "was injured by the mere act of turning"); Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002) ("Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." (quoting Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000))); Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 65, 526 S.E.2d 295, 298 (2000) ("An injury resulting from merely bending over to do something does not arise out of the employment."). Some specific characteristic of the workplace must impair the employee's ability to complete a normal turn before it can be said that any resulting injury arises out of the employment.

The commission found such a specific characteristic in this case. Honaker's foot did not naturally follow the turn of her upper body, the commission found, because of the mat: a two-inch thick slab of rubber that produced some unmeasured degree of "friction" between itself and Honaker's foot. The commission inferred causation from Honaker's testimony and from the conspicuous absence of any other explanation. Honaker had no prior physical impairment with her legs, knees, or feet. She wore the same tennis shoes she ordinarily wears to work. She had

---

[2] It matters not that the causal condition is simply a matter of degree. An injury arises out of employment if it "results from, or is hastened by, conditions of employment exposing the employee to hazards *to a degree beyond that of the public at large . . . .*" Kjellstrom & Lee, Inc. v. Saunders, ___ Va. App. ___, ___ S.E.2d ___, 2004 Va. App. LEXIS 126, at *8 (2004) (quoting Byrd v. Stonega Coke & Coal Co., 182 Va. 212, 216, 28 S.E.2d 725, 727 (1944)) (emphasis added); see also Lucas, 41 Va. App. at 134, 583 S.E.2d at 58 (recognizing that the Act is inapplicable to hazards "to which the general public is equally exposed").

no anatomical problems (that we know of) affecting her posture or mobility. Thus, the commission reasoned, the most likely explanation was the mat.[3]

In theory, of course, had Honaker *not* been standing on the mat, she might have still injured her knee at that very moment because of some peculiar, unexplainable reason. To prevail, however, Honaker's evidence need not render this hypothesis fanciful or reduce it to a remote improbability. She simply must show it more likely than not to be untrue. In this respect, the case resembles a slip-and-fall where the only evidence is the slippery spot on the floor and the fact that the claimant slipped at that exact spot.[4] Reasonable factfinders can draw reasonable inferences in just these kinds of circumstances.

Because the "actual determination of causation" constitutes a finding of fact, we review the case to determine whether the totality of these facts could reveal to a "rational mind" a causal link "between the conditions under which the work is required to be performed and the resulting

---

[3] A claimant must prove by a "preponderance of the evidence that an injury arose out of the employment." K&G Abatement Co. v. Keil, 38 Va. App. 744, 755, 568 S.E.2d 416, 421-22 (2002). "The burden of showing something by a preponderance of the evidence, the most common standard in the civil law, simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence . . . ." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (citations and internal quotation marks omitted); Metro. Stevedore Co. v. Rambo, 521 U.S. 121, 137 n.9 (1997). Proof rises to this level of persuasion when "it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal, notwithstanding any doubts that may still linger there." N. Va. Power Co. v. Bailey, 194 Va. 464, 471, 73 S.E.2d 425, 429 (1952) (citation and internal quotation marks omitted); see also Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 446, 552 S.E.2d 372, 376 (2001).

[4] Consider too the analogous situation in Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 569, 159 S.E.2d 633, 634 (1968). There, an employee stepped onto a series of "rock steps" that were a "little bit higher than usual" and sustained a spontaneous knee injury. Id. No evidence proved that the employee slipped or tripped, and the employee admitted she "did not know" what caused her knee to give way. Id. Nevertheless, the abnormal nature of the steps — coupled with the spontaneity of the knee injury — provided a rational basis for inferring causation. Because a "rational mind" could find a causal connection under such circumstances, the Virginia Supreme Court held, the commission's factual finding on causation must be affirmed. Id. at 571, 159 S.E.2d at 635. The same conclusion applies here.

injury." K&G Abatement Co. v. Keil, 38 Va. App. 744, 756, 568 S.E.2d 416, 422 (2002) (citations and internal quotation marks omitted). Having found a rational basis for the commission's decision, we affirm.

Affirmed.