COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


ELIZABETH THOMAS EDMONDS

                                                    OPINION BY
v.        Record No. 0196-03-2          JUDGE ROSEMARIE ANNUNZIATA
                                                    JUNE 8, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Gregory R. Sheldon (Goodwin, Sutton & DuVal, on brief), for
appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Elizabeth T. Edmonds was indicted by a Chesterfield County grand jury for third or

subsequent offense petit larceny, in violation of Code §§ 18.2-96 and 18.2-104, and for felony

failure to appear, in violation of Code § 19.2-128.  She was found guilty on both counts in a

bench trial on December 18, 2002 and sentenced to serve five years in prison, four years

suspended, on the larceny charge and three years in prison, two years and six months suspended,

on the failure to appear charge.  She appeals her conviction for failure to appear on the ground

that the Commonwealth failed to prove she had notice of the hearing date.  For the following

reasons, we reverse.

I.  Background

On May 25, 2002, Elizabeth Edmonds entered the infant's department of a Wal-Mart

store in Chesterfield County with an empty cart.  She picked up a car seat, placed the seat into

the cart, and went to the front of the store, pausing at the exit door.  After about a minute,

Edmonds went to the service desk with the cart and stood in line. When it was her turn to be served, Edmonds stated that she wanted to exchange the car seat. She and a sales associate went back to the infant's department for a few minutes. When Edmonds returned to the service desk, she stated she had changed her mind about returning the car seat and wanted to receive a refund instead. After receiving a cash refund, Edmonds walked away from the desk and was apprehended by Robert Collins, the loss-prevention officer, who had been observing her movements in the store.

A warrant to arrest Edmonds for the felony of petit larceny, third or subsequent offense, was obtained from the magistrate and served upon her on May 25, 2002. The warrant reflected a hearing date of July 17, 2002 at 8:30 a.m. In July, Collins appeared when the case was scheduled in general district court, but Edmonds did not.

At trial, Collins testified that Edmonds did not appear when the "cases were scheduled." Neither Collins nor anyone else testified that Edmonds had notice of the July 17, 2002 hearing date. At the close of the prosecution's case, Edmonds's counsel moved to strike the Commonwealth's evidence with respect to both the charge of larceny and the charge of failure to appear. He argued, in part that, "on the failure to appear, . . . there's been no proof she had notice. I don't recall Mr. Collins [Assistant Commonwealth's Attorney] asking you to take judicial notice of the court's records." The Commonwealth responded, "Well, Judge, the Court can take judicial notice of its records at any time; we don't have to remind the court every time, but I'll submit that with that aspect." The Commonwealth then restated the facts supporting the larceny charge. The trial court subsequently denied the motion to strike, stating only, "The motion to strike is denied. Any evidence for the defense?"

Edmonds argues on appeal that the Commonwealth failed to prove that she had notice of the July 17, 2002 hearing date. The Commonwealth contends that the trial court took judicial

notice of the warrant for her arrest which was served upon her and shows July 17, 2002 as the hearing date. Because no evidence shows that the trial court took judicial notice of the hearing date and time contained in the warrant, we reverse.

## II. Analysis

Edmonds was convicted of felony failure to appear, in violation of Code § 19.2-128, which states in pertinent part: "Any person (i) charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." We have held that the Commonwealth makes out a *prima facie* case of willfully failing to appear if it presents evidence that the defendant failed to appear after receiving notice of the date and time of the hearing. See Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993). "When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Id. Edmonds contends that the trial court neither heard nor saw any evidence establishing she had notice of the hearing and that, therefore, the Commonwealth did not prove beyond a reasonable doubt that her failure to appear was "willful." We agree.

Collins, the Commonwealth's only witness on the failure to appear charge, testified that Edmonds did not appear on the date the "cases were scheduled." This evidence fails to establish that Edmonds had notice of the date and time of the hearing.

The Commonwealth argues, however, that the trial court took judicial notice of the warrant for Edmonds's arrest, which was served upon Edmonds and shows July 17, 2002 as the hearing date. In support of its contention, the Commonwealth points to the colloquy concerning Edmonds's motion to strike, where the Commonwealth told the trial court that it could "take judicial notice of its records at any time." The fact that the trial court subsequently denied

Edmonds's motion to strike proves, according to the Commonwealth, that the court took judicial notice of its own records, including the hearing date and time indicated in the warrant. Edmonds counters the Commonwealth's argument, stating that "the record fails to show that the trial court took judicial notice of its own records to determine whether [she] had notice of the July 17th hearing date." We agree with Edmonds that the record fails to show the trial court took judicial notice of the warrant.

Although

> a trial court need not intone the words "judicial notice" in order to notice a fact, the evidence, the arguments of the parties *and* the *statements of the trial court must demonstrate clearly* that the trial court has taken judicial notice of the fact before a party may rely upon such notice on appeal.

Dillard v. Commonwealth, 28 Va. App. 340, 346-47, 504 S.E.2d 411, 414 (1998) (emphasis added); see also Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988); Colonial Leasing Co. v. Logistics Control Group International, 762 F.2d 454, 459 (5th Cir. 1985) ("Care should be taken by the court to identify the fact it is noticing, and its justification for doing so."). Such requirements ensure that the opposing party has an opportunity to object either to the facts noticed or to the manner in which such notice is taken. See Jewell v. Commonwealth, 8 Va. App. 353, 355 n.1, 328 S.E.2d 259, 261 n.1 (1989) (noting that it "would have been improper for the trial court to have taken judicial notice" where "the parties had no opportunity to object or refute the facts judicially noticed"); see also 29 Am. Jur. 2d Evidence § 38 (2004) ("[W]hen a court finds it appropriate to take judicial notice of a matter, fundamental fairness dictates that it should provide the parties with advance notice of its intentions.").

Here, although the arguments of both parties establish that the issue of judicial notice was before the court, no statement of the trial court clearly demonstrates that it took judicial notice of

the fact sought to be proved, i.e. the date and time of the hearing. See Dillard, 28 Va. App. at

346-47, 504 S.E.2d at 414; cf. Taylor v. Commonwealth, 28 Va. App. 1, 7, 502 S.E.2d 113, 116

(1998) ("Although the [trial] court did not use the words 'judicial notice,'" the trial court's ruling

that a date stamp "'is an official stamp of the court and papers received in the court at the clerk's

office'" indicated "that it took judicial notice of identify of the date stamp."); Sutherland, 6

Va. App. at 383, 368 S.E.2d at 298 (holding that "we cannot assume that the trial court" took

judicial notice where it did "not appear from the record that the trial court" did so); cf. also

Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975) ("[T]he record fails to

show that the trial court took judicial notice of the location of the store property.").[1]  Because the

trial court did not indicate that it was taking judicial notice of the fact that the warrant gave

Edmonds notice of the hearing, it deprived her of the "opportunity to be heard either to dispute

the 'facts' [noticed] or to object to the court's action." State Farm Mut. Auto Ins. Co. v. Powell,

227 Va. 492, 497, 318 S.E.2d 393, 395 (1984); see also Colonial Leasing, 762 F.2d at 459

(noting that the court's duty to identify the fact it is noticing is "particularly necessary when a

---

[1] The Commonwealth also argues that records from the general district court establish Edmonds had notice.  However, for the same reasons discussed *supra*, the record on appeal does not disclose that the trial court took judicial notice of the general district court records. Cf. Oliver v. Commonwealth, 35 Va. App. 286, 291, 544 S.E.2d 870, 872 (2001) (dismissing appeal from conviction for failure to appear where defendant argued that the evidence was insufficient to prove he had notice of the hearing date because the trial court, "[w]ithout objection, . . . took judicial notice of its own records from the district court concerning the notice that was given to Oliver of the date and time of the . . . hearing," and because the defendant failed to make such evidence part of the record on appeal).  We therefore cannot uphold the conviction on this ground.

document . . ., from which any number of distinct facts might be drawn, is the object of the notice").

For the foregoing reasons, we reverse.[2]

<u>Reversed.</u>

---

[2] We do not address the issues raised by the concurring opinion because, notwithstanding the general nature of the questions presented by Edmonds, the arguments proper were limited to an evidentiary matter, viz. whether the trial court took judicial notice of the warrant. Other than citations to cases which set forth the Commonwealth's burden in a criminal case and which indicate that the Commonwealth must prove notice and failure to appear, the only authority cited by Edmonds in support of her specific contention that the Commonwealth failed to prove notice relates to the issue of judicial notice. The Commonwealth's brief is similarly limited to the issue of judicial notice. Additionally, the ambiguity that arises as a result of the dates crossed out in the warrant was not represented by Edmonds as a basis for her claim that the evidence was insufficient to prove that she had notice. Our review of sufficiency questions is limited to those raised with specificity in the trial court. See Clarke v. Commonwealth, 32 Va. App. 286, 304, 527 S.E.2d 484, 493 (2000) (citing George v. Commonwealth, 242 Va. 264, 281 n.4, 411 S.E.2d 12, 22 n.4 (1991)). Whether the fact the dates were crossed out in the warrant was fatal to the Commonwealth's case was never argued to the trial court or to this Court.

McClanahan, J., concurring.

I agree that Edmonds's conviction for feloniously failing to appear on July 17, 2002, should be reversed. However, I would do so on different grounds. I believe that it is unnecessary that this Court reach the issue of when a trial court can be deemed to have taken judicial notice of certain evidence, because even if the trial court in this case had taken judicial notice of the warrant for Edmonds's arrest that was contained in the court file, that evidence was insufficient as a matter of law to show that Edmonds had notice of the scheduled hearing.[3]

In footnote 2, the majority states that the issue of whether the required notice to appear was proven was not argued. I disagree. The question presented – "[w]hether the trial court committed reversible error by finding the evidence sufficient to support appellant's conviction for failure to appear"; the assignment of error – "[t]he trial court erred by finding the evidence sufficient to convict appellant of failure to appear where no evidence was presented that appellant had notice of the original court date"; and Edmonds's brief at pages 4 and 5 all indicate that Edmonds's chief argument on appeal is that the Commonwealth failed to prove that she had notice of the July 17 proceedings.

The Commonwealth did not offer any such proof, and there is none in the trial record. The warrant that was contained in the record does not offer any information from which the trial court could conclude that the Commonwealth had proven beyond a reasonable doubt that Edmonds had notice of a scheduled hearing on that date. The warrant contains one service date of May 25, 2002, and seven dates under the heading, "Hearing Date and Time," four of which, including July 17, 2002, are crossed out. The warrant does not offer any information regarding

---

[3] Notice of a scheduled court hearing is evidence of willfulness, an essential element of the charged offense. See Code § 19.2-128; Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993); see also Davis v. Commonwealth, 38 Va. App. 96, 99, 570 S.E.2d 875, 877 (2002). Importantly, other than relying on the warrant to establish notice, the Commonwealth introduced no evidence that Edmonds's failure to appear was willful.

whether the July 17, 2002 date was written on or after the date Edmonds was served with the warrant. Rather, above the July 17 date appearing on the warrant is a date of May 30, which is also crossed out. No evidence was introduced regarding what occurred or what was supposed to occur on the May 30 date, nor did the Commonwealth present evidence of sequential orders or argue that the July 17 date was a continuance of an earlier trial date. See Hunter v. Commonwealth, 15 Va. App. 717, 722, 427 S.E.2d 197, 200-01 (1993). No evidence was introduced regarding standard police procedure for apprising defendants of hearing dates generally, or that such procedure was followed in this case. The only witness to testify at Edmonds's trial was Collins, the loss-prevention officer at the Wal-Mart store, and he did not testify to having told Edmonds to appear in court on July 17.[4]

Thus even with the warrant, there was no evidence from which a rational fact finder could conclude beyond a reasonable doubt that Edmonds was given notice of the July 17 hearing, or that in some other way, her failure to appear was willful. Id. (citing Smith v. United States, 583 A.2d 975 (D.C. 1990)). Because Edmonds's conviction for failure to appear must be reversed on that ground, this Court need not, and indeed should not, reach the question – a question the appellant's brief never articulates or enumerates – of whether a trial court can be deemed to have taken judicial notice of a document when it did not do so explicitly on the record.

---

[4] The only testimony Collins offered regarding Edmonds's failure to appear was when the Commonwealth asked him, "Were you in court on, I believe July 16th and August 29th when these cases were scheduled in General District Court?," to which he replied that he had been present on, "both of these days," and Edmonds had not. Neither July 16th nor August 29th, however, is the date of the charged offense of willful failure to appear.