ELDER, J.,
dissenting:
The majority concludes our recent holding in Lucas v. Federal Express Corp., 41 Va.App. 130, 583 S.E.2d 56 (2003), compels the conclusion no evidence supports the commission’s finding that claimant’s employment placed her at a greater risk of being struck by lightning. I find Lucas distinguishable. In Lucas, the commission made no finding of causation. In claimant’s case, by contrast, the commission expressly found claimant’s frequent and sustained “use of ... employer’s switchboard equipment during a thunderstorm[ ] brought into existence a special or peculiar risk of electrical shock through a lightning strike.” Thus, I respectfully dissent.
I would hold that “[cjertain facts as to the operation of lightning have become matters of common knowledge, of which judicial notice may be taken.” Bauer’s Case, 314 Mass. 4, 49 N.E.2d 118,120 (1943); see also, e.g., Truck Ins. Exch. v. Ind. Acc. Comm’n, 77 Cal.App.2d 461, 175 P.2d 884, 885-87 (1946); Van Kirk v. Hume-Sinclair Coal Mining Co., 226 Mo.App. 1137, 49 S.W.2d 631, 634-35 (1932). “Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact.” Scafetta v. Arlington County, 13 Va.App. 646, 648, 414 S.E.2d 438, 439, aff'd on reh’g, 14 Va.App. 834, 425 S.E.2d 807 (1992). “A trial court may take judicial notice of those facts that are either (1) so ‘generally known’ within the jurisdiction or (2) so ‘easily ascertainable’ by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute.” Taylor v. Commonwealth, 28 Va.App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (en banc) (citations omitted).
*389 While “the fact of judicial notice must appear from the record,” Sutherland v. Commonwealth, 6 Va.App. 878, 383, 368 S.E.2d 295, 298 (1988), “a trial court need not intone the words ‘judicial notice’ in order to notice a fact,” Dillard v. Commonwealth, 28 Va.App. 340, 347, 504 S.E.2d 411, 414 (1998); see Taylor, 28 Va.App. at 7-8, 502 S.E.2d at 116. “The taking of judicial notice is generally within the discretion of the trial court.” Ryan v. Commonwealth, 219 Va. 439, 446, 247 S.E.2d 698, 703 (1978).
In Lucas, the employee, a delivery driver for Federal Express, was struck by lightning while she sat in the seat of her delivery truck with her left hand on the truck’s metal steering wheel and used her right hand to insert the key into the truck’s ignition. Id. at 132, 583 S.E.2d at 57-58. Lucas testified that the truck was made almost entirely of metal and had an antenna, computer equipment and a CB radio. Id. at 132 n. 1, 583 S.E.2d at 58 n. 1. The deputy and commissioner concluded Lucas failed to establish “any heightened risk of injury that stemmed from [Lucas’s] employment as a delivery driver.” Id. at 133, 583 S.E.2d at 58. Absent such evidence, we held credible evidence supported the commission’s finding that Lucas failed to meet her burden of proof. Id. at 136, 583 S.E.2d at 60.
In deciding Lucas, 41 Va.App. at 135-36, 583 S.E.2d at 59, we discussed the Supreme Court’s holding in Scott County School Board v. Carter, 156 Va. 815, 159 S.E. 115 (1931). Carter involved a teacher who was killed when a cyclone destroyed the schoolhouse in which she worked. Id. at 816, 159 S.E. at 116. We noted the Supreme Court’s focus in Carter on the commission’s finding that the location of the schoolhouse “ ‘on an eminence on a plateau, at a point where the wind blew more continually than at other points,’ ” made the schoolhouse “‘more susceptible to[] the hazard of storms.’ ” Lucas, 41 Va.App. at 135, 583 S.E.2d at 59 (quoting Carter, 156 Va. at 817, 159 S.E. at 116 (emphases added)). In Carter, “the Supreme Court quoted or paraphrased these findings a total of four times, emphasizing that ‘these are the declared facts to which we must give credence’ and that, ‘these *390 being the conditions which obtained at the time, we are bound to say the employment subjected [Carter] to greater exposure than were those persons generally in that locality.’ ” Lucas, 41 Va.App. at 135-36, 583 S.E.2d at 59 (quoting Carter, 156 Va. at 821, 159 S.E. at 117 (citation omitted)). As a result, the Court held credible evidence supported the commission’s decision, and it affirmed the award.
In claimant’s case, like in Carter, and in contrast to Lucas, the commission expressly articulated a connection between the conditions of claimant’s employment and the force of nature that caused her injury, stating claimant’s frequent and sustained “use of ... employer’s switchboard equipment during a thunderstorm[ ] brought into existence a special or peculiar risk of electrical shock through a lightning strike.” The commission noted claimant’s testimony that she heard a loud noise in the phone when the lightning struck; other evidence permitted a finding that claimant’s telephone call was disconnected and that her computer may have flickered, as well, lending support to the conclusion that claimant’s use of the switchboard and computer, required by her employment, heightened her risk of being struck by lightning. The deputy and commission expressly found credible the testimony of claimant and her co-worker. The fact that neither the switchboard phone nor the computer appeared to have sustained any damage from the lightning strike does not compel a different result.
Because the commission expressly articulated a connection between the conditions of claimant’s employment and the force of nature that caused her injury—a causal connection of a type which the Supreme Court has implicitly permitted the commission to take judicial notice, see Carter, 156 Va. at 817, 821, 159 S.E. at 116, 117; Lucas, 41 Va.App. at 135-36, 583 S.E.2d at 59—I would conclude credible evidence supports the commission’s award of benefits.